## Craig *v.* Lininger, Appellant.

*Public officers—County commissioners—Surcharge—Mistake as to payment of district attorney's salary—Subrogation.*

Where county commissioners pay to the district attorney an amount in excess of what he was legally entitled to receive as salary under the Act of April 17, 1905, P. L. 170, and the county subsequently recovers a judgment against the commissioners for such excess payment, and the amount of the judgment is paid by the three commissioners to the county treasurer who gives them a joint receipt for the same, and these proceedings are known to the district attorney, the three commissioners may maintain a joint action against the district attorney to recover the amount which they were compelled to pay the county.

Argued May 12, 1915. Appeal, No. 88, April T., 1915, by defendant, from order of C. P. Mercer Co., April T., 1914, No. 97, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Frank P. Craig, et al., v. J. Mede Lininger. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

WILLIAMS, P. J., filed an opinion the material portions of which are as follows:

The plaintiffs, Frank P. Craig, J. E. Callahan and John Hassel, were the duly elected and qualified county commissioners for the County of Mercer and performed their duties as such commissioners for and during the years 1909, 1910 and 1911. The defendant, J. Mede Lin-

inger, was the duly elected district attorney in and for the County of Mercer on the 3d day of November, 1908, for a term of three years, and entered upon the duties of said office on the first Monday of January, 1909, and discharged the duties thereof during the ensuing three years of 1909, 1910 and 1911.

At the time said J. Mede Lininger was elected district attorney and at the time he entered upon the duties of said office on the first Monday of January, 1909, the population of Mercer County, according to the then last United States census, that of 1900, was 57,387, being over 50,000 and not exceeding 60,000. The Act of April 17, 1905, P. L. 170, provides that the salaries to be paid to district attorneys in counties having a population of more than 50,000 and not exceeding 60,000 shall be $1,-250.00. The census of 1910, taken and announced after the defendant had been elected and entered upon the duties of his office as district attorney, shows the population of Mercer County to be 77,699. Said Act of April 17, 1905, provides that in counties having a population of more than 70,000 and not exceeding 80,000 the salary of the district attorney shall be $2,000.00. The defendant, assuming that Mercer County had passed into the class of counties having a population of more than 70,-000 and not more than 80,000, and that he was entitled to a salary of $2,000.00, as district attorney for the year 1910, asked for and received from the county treasurer of Mercer County the sum of $2,000.00 as compensation for his services as district attorney for the year 1910; said sum having been paid to the defendant at sundry times during said year upon warrants drawn in his favor by the county commissioners of said county.

The county auditors of Mercer County made a settlement of the accounts of the county commissioners of said county for the year 1910, and in their report filed on May 2, 1911, gave said county commissioners credit for said sum of $2,000.00 paid to the defendant as compensation for his services as district attorney for the year 1910.

Within the time allowed by law the requisite number of taxpayers of the County of Mercer appealed from said report of the county auditors to the Court of Common Pleas of said county, under the provisions of the Act of June 12, 1878, P. L. 208. Said appeal was based on the allowance of certain disbursements made by said county commissioners, and included inter alia, the additional sum of $750.00 allowed to the defendant as compensation for his services as district attorney for the year 1910. In other words, to the allowance of the sum of $2,000.00 to said defendant as his salary for the year 1910, instead of the sum of $1,250.00, as fixed by said Act of April 17, 1905, supra. After a full hearing the court sustained said appeal and thereupon surcharged the said plaintiffs, Frank P. Craig, J. E. Callahan and John Hassel, with the sum of $750.00 excess of salary paid to said defendant as district attorney of said county, for the year 1910, and judgment was accordingly entered against the plaintiffs, Frank P. Craig, J. E. Callahan and John Hassel, at No. 334, January Term, 1914, for the sum of $1,768.88, which included the sum of $750.00 so paid to said J. Mede Lininger, the defendant, as district attorney.

After the entry of said judgment against them the plaintiffs requested the defendant to repay to them, or to the county treasurer, said sum of $750.00 which had been mistakenly paid to the defendant as salary for the year 1910. Upon the neglect or refusal of the defendant to repay or refund said amount either to them or to the county treasurer, the plaintiffs, said Frank P. Craig, J. E. Callahan and John Hassel, on March 25, 1914, paid to the county treasurer of Mercer County the sum of $750.00, to cover the surcharge of $750.00 made and sustained against them as county commissioners on account of the item thus mentioned.

The defendant having neglected or refused to reimburse the plaintiffs or to repay to them or to any person for them the said sum of $750.00, or any part thereof, the

plaintiffs brought this action to recover said sum of $750.00, with interest thereon from March 25, 1914.

In the affidavit of defense filed the defendant admits that he received said sum of $750.00 from the treasurer of said county upon orders issued to him by the plaintiffs as county commissioners of Mercer County.    The affidavit of defense contains no averment that the defendant was or is legally entitled to said sum of $750.00, either as salary for his services as district attorney or otherwise. The defenses set up in the affidavit of defense being purely technical, the learned counsel for the plaintiffs obtained a rule for judgment for want of a sufficient affidavit of defense, and the consideration and disposition of said rule is the matter now before us.

In the consideration of such a rule the court must accept all the averments in the affidavit of defense as verity, and if any of them are sufficient to prevent a summary judgment, the rule must be discharged.    Otherwise the rule should be made absolute: Morrison v. Warner, 197 Pa. 59.

The first averment of said affidavit of defense is as follows:

"First: That the seven hundred and fifty dollars mentioned in plaintiffs' statement of demand and which plaintiffs seek to recover in this action, were paid to this defendant by the treasurer of Mercer County, on orders issued by the plaintiffs while acting as county commissioners of said county.    That said orders were issued by the plaintiffs in favor of this defendant voluntarily, and without any false, fraudulent, or deceptive statement or act on the part of this defendant, or on the part of any other person acting for or on behalf of this defendant, and with a full knowledge of all of the facts, and the legal rights of this defendant to receive the same, and having been so voluntarily paid to this defendant cannot now be recovered in this action."

It may be conceded that the well settled and universally recognized general rule is that money voluntarily

paid under a claim of right, and with full knowledge of the facts on the part of the person making the payment or affected by it, cannot be recovered back on the ground that the claim on which it was paid was invalid or unenforceable: 22 Am. & Eng. Encyc. of Law, 2 Ed., 609; Cyc. 1298, and cases cited under both references. In the case of Union Insurance Company v. The City of Allegheny, 101 Pa. 250, Mr. Justice MERCER stated the rule as follows:

"It is well settled as a general rule of law, that money voluntarily paid on a claim of right, where there has been no mistake of fact, cannot be recovered back on the ground that the party supposed he was bound in law to pay it when in truth he was not: Clarke v. Dutcher, 9 Cowen 674. He shall not be permitted to allege his ignorance of the law, and it shall be considered a voluntary payment: Id. In Brisbane v. Dacres, 5 Taunt. 144, Mr. Justice GIBBS said, where a man demands money of another as a matter of right, and he pays it with a full knowledge of the facts on which the demand is founded, he can never recover back the sum he has so voluntarily paid......"

In some jurisdictions a distinction is made between mistake and ignorance of the law, and it is accordingly held that though a payment made in ignorance of law cannot be recovered back, a payment made under a clear mistake of the law can be: 22 Am. & Eng. Encyc. of Law, 630, and cases there cited. In the treatise on "Payment," 30 Cyc. 313, the learned author states the rule as follows:

"Except where it is otherwise provided by statute, the general rule is that a voluntary payment made under a general mistake or ignorance of the law, but with full knowledge of all the facts, and not induced by fraud or improper conduct on the part of the payee, cannot be recovered back."

Among other Pennsylvania cases cited in support of the text are the cases of Natcher v. Natcher, 47 Pa. 496;

Savings Institution v. Linder, 74 Pa. 371; Philadelphia v. Gilbert, 14 Philadelphia 212.

The learned author, however, states a further rule, which he calls the minority rule, as follows:

"In some of the states, however, a recovery, of money paid under mistake of law is held proper where the payer was under no legal or moral obligation to pay and the payee has no right in good conscience to retain the money."

It seems to us that the rule thus stated should prevail in all jurisdictions, and as the case at bar may properly be classified as one in which the payee has no right in good conscience to retain the money mistakenly paid to him it should be governed by that rule.

[Citing Com., ex rel., v. Lancaster County Live Stock, Etc., Co., 6 Dist. Rep. 371; Wilson v. Ott, 173 Pa. 261, and other cases.]

It seems clear from the authorities cited that said sum of $750.00 excess of salary paid to the defendant by said county commissioners was in no proper sense a voluntary payment; hence the defense set up in the first paragraph of the affidavit of defense is without substantial merit.

The second paragraph of said affidavit of defense is as follows:

"Second: It has not yet been judicially determined in any proceeding to which this defendant was a party that he was not legally entitled to receive and retain the seven hundred and fifty dollars so received by him."

That said sum of $750.00 is one of the items with which the plaintiffs as county commissioners were surcharged by the court in its disposition of the appeal from the county auditors' report for the year 1910, at No. 34, October Term, 1911, and is included in the judgment entered against the plaintiffs at No. 334, January Term, 1914, is not denied. Of this fact the defendant had full notice as well as notice of the fact that the court had decided that said sum of $750.00 was illegally or mistakenly

paid to him. It is true that the defendant was not directly a party to the appeal which resulted in a surcharge against the plaintiffs here for the $750.00 mistakenly paid by them to the defendant. We are unable to understand, however, how that fact can avail him as a defense to this action. Had the defendant's right to receive or retain said $750.00 been judicially determined in another proceeding to which the defendant was a party, there would have been no necessity for this suit, the very purpose of which is to determine that question. There is, therefore, no merit in the defense disclosed by the second paragraph of the affidavit of defense.

The third defense set up is as follows:

"Third: That if this defendant was not legally entitled to receive and retain said seven hundred and fifty dollars the same having been paid to him by the treasurer of Mercer County, out of the funds belonging to said county, the exclusive right to demand, sue for, and recover the same is vested in said county and not in said plaintiffs."

This paragraph of the affidavit of defense concedes that if the defendant was not legally entitled to receive and retain said sum of $750.00 paid to him by the plaintiffs as county commissioners, the County of Mercer had the right to sue for and recover the same from the defendant. Assuming the legal proposition thus stated to be sound, we think it necessarily follows that under the facts of the case the plaintiffs have, by operation of law, been subrogated to all of the rights and remedies formerly possessed by the County of Mercer against the defendant in this matter and have a clear legal and equitable right to maintain this suit.

The facts are briefly as follows: The plaintiffs, as county commissioners of the County of Mercer, through a mistake or misunderstanding of the law, paid to the defendant out of the county funds as salary as district attorney for said county for the year 1910, the sum of $750.00 in excess of the amount he was legally entitled to receive. On appeal by certain taxpayers from the re-

port of the county auditors approving said payment the court surcharged said county commissioners, the plaintiffs here, with said sum of $750.00 so paid to the defendant and directed judgment to be entered against them therefor. Judgment was accordingly entered, whereupon the plaintiffs, upon the neglect and refusal of the defendant to return the money thus illegally received and retained by him, paid the amount of said judgment to the county treasurer, and thereafter brought this suit to recover from the defendant the amount so paid with interest and costs.

The question thus presented is as to the right of the plaintiffs here to be subrogated to the rights of the County of Mercer as plaintiff in said judgment.

"The doctrine of subrogation will be applied, in general, wherever any person, other than a mere volunteer, pays a debt or demand which in equity or good conscience should have been satisfied by another, or where a liability of one person is discharged out of a fund belonging to another, or where one person is compelled for his own protection, or that of some interest which he represents, to pay a debt for which another is primarily liable, or wherever a denial of the right, would be contrary to equity and good conscience." 27 Am. & Eng. Encyc. of Law, 2 ed., 203.

The doctrine of subrogation as thus stated is sustained by numerous cases decided by our appellate courts, as well as by numerous decisions by various courts of Common Pleas throughout the State. A few of the many appellate court decisions may be here cited: Cottrell's App., 23 Pa. 294; McCormick's Administrator v. Irwin, 35 Pa. 111; Hoover v. Epler, 52 Pa. 522; Webster and Goldsmith's App., 86 Pa. 409; Miller's App., 119 Pa. 620.

The doctrine of the cases quoted from is clearly applicable to the case at bar, in which the plaintiffs seek to recover from the defendant the amount paid by them on a judgment founded on a debt which in all equity and

good conscience should have been paid by the defendant. We are of the opinion, therefore, that the plaintiffs are entitled by way of subrogation to all of the rights and remedies for the recovery of said sum of $750.00 from. the defendant possessed by the County of Mercer prior to the payment of said judgment by the plaintiff's in this case.

We are further of the opinion that upon the payment of said judgment the plaintiffs were by operation of law subrogated to the rights and remedies of the creditor, the County of Mercer, and are entitled to recover in this action the amount paid by them with interest from the date of payment: Fleming v. Beaver, 2 Rawle, 128; Wright v. Grover & Baker S. M. Co., to use of Smith, 82 Pa. 80; Hutcheson v. Reash, 15 Pa. Superior Ct. 96.

In view of the authorities cited we are of the opinion that the defense set up in the third paragraph of the affidavit of defense is void of substantial merit.

The fourth paragraph of the affidavit of defense is as follows:

"Fourth: The record of the Court of Common Pleas of said county, at No. 334, January Term, 1914, discloses the fact that said Frank P. Craig, J. E. Callahan, and John Hassel, plaintiffs in this case, each acting in- dividually and for himself, paid to W. H. Simons, treas- urer of said county, and for the use of said county, each the sum of two hundred and fifty dollars, in full satis- faction of any claim which said county might have on account of any illegal or improper payment of said seven hundred and fifty dollars to this defendant.

"That if said plaintiffs are entitled to recover from this defendant the amount thus paid by them, not hav- ing in any manner been subrogated to the rights of said county, the right of each plaintiff is an individual right, limited to the amount actually paid by him, with interest thereon from the time of payment, and this joint action, brought by all three plaintiffs, each having a separate and distinct claim for $250, the amount actual-

ly paid by each, with interest thereon from the time of payment, cannot be maintained, and the defendant will, therefore, ask the court to dismiss said action on account of misjoinder of plaintiffs."

It is to be noted that the averment does not assert or aver the truth of the facts set forth therein, but goes no further than to aver that the record of the Court of Common Pleas of said county discloses the facts averred. The record, then, is the best evidence as to what facts it discloses, and we think it falls far short of sustaining said averment. What the record does disclose is a joint receipt in the handwriting of Hon. Judge Miller, attorney for the plaintiffs, in which each of the plaintiffs are named and the amounts paid by each are fully set forth. Said receipt is as follows:

"Rec'd March 25, 1914, of Joseph E. Callahan, the sum of two hundred and fifty ($250.00) dollars, being one-third (1-3) of the amount with which the county commissioners were charged for excess of salary paid to J. Mede Lininger, district atty. for year 1910. Also received of John Hassel the sum of two hundred and fifty ($250.00) dollars and Frank P. Craig the sum of two hundred and fifty ($250.00) dollars being the two-thirds (2-3) of the amount with which the county commissioners were surcharged for excess of salary paid to J. Mede Lininger, district atty. for the year 1910; in all the sum of seven hundred and fifty ($750.00) dollars.

Signed, W. H. Simons,

Treas. of Mercer Co.

By M. M. Simons."

It thus appears with reasonable certainty that on the day said payment was made all three of the plaintiffs, in company with their attorney and county treasurer, went to the office of the prothonotary, where the sum of $750.00 was paid and receipted for by the county treasurer. There was no separate receipt given to each or any of the plaintiffs for the amount paid by him, but the receipt might well be termed a joint and several receipt;

joint as to the whole amount of $750.00, and also indicating the amount paid by each, in order that there might be no future controversy between the plaintiffs as to the amount contributed by each toward making up the total amount paid and receipted for. The defendant was in no manner concerned as to how or by whom the amount was paid.

The facts disclosed by this record seem to make unnecessary any discussion as to the right of the plaintiffs to bring a joint action as they have done in this case. All of the pleadings and the evidence in the case show that the plaintiffs acted jointly in the payment of said sum of $750.00 to the defendant, they were jointly surcharged with the same and a joint judgment was entered against them, and we can discover nothing in the case to warrant the court in holding that a joint action cannot be maintained. The case presented should be clear from doubt to warrant a court in so holding, especially when no meritorious defense is disclosed by the pleadings. The policy of the law is to avoid a multiplicity of actions when substantial justice can be had in one suit.

We are, therefore, of the opinion that there is no merit in the matter set up in the fourth paragraph of the affidavit of defense.

A most careful and painstaking consideration of all of the averments in the affidavit of defense has failed to convince us that they present any valid or meritorious defense to the plaintiffs' claim. The rule for judgment for want of a sufficient affidavit of defense must, therefore, be made absolute.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. W. Moore,* for appellant.

*S. H. Miller,* for appellees.

OPINION BY ORLADY, J., October 11, 1915:

The defendant, while district attorney, unlawfully received the money claimed in this action, and now seeks to retain it through a technicality that is entirely without legal merit. The opinion filed by the court below so fully disposed of the defense interposed, that it is needless to pursue the argument further.

The judgment is affirmed.