# National Surety Corp. v. Nulton

*Lawrence H. Stern,* for plaintiff.

*A. G. Helbling,* for defendant.

McCreary, J., June 5, 1945.—On August 2, 1944, National Surety Corporation, plaintiff, issued a summons in assumpsit to recover from defendant, James H. Nulton, the sum of $2,317.75 with interest thereon from May 22, 1939.

In the statement of claim filed the plaintiff, a corporation organized and existing under the laws of the State of New York, and duly authorized and licensed to do business in the Commonwealth of Pennsylvania, claims that on January 19, 1939, it issued its Fidelity Schedule Bond no. 230008 to Goldsmit-Black, Inc., and affiliated companies, effective as of January 1, 1939. It alleges that among the affiliated companies is included Goldsmit-Black, Inc., of Altoona, and that under the fidelity schedule bond, a copy of which is attached to the statement of claim, plaintiff agreed to indemnify Goldsmit-Black, Inc., of Altoona, against any direct loss of money or other personal property belonging to the insured, Goldsmit-Black, Inc., of Altoona, or for which the insured is legally liable, caused by larceny, embezzlement, forgery, misappropriation, wrongful abstraction, or any other fraudulent or dishonest act or

acts committed by any of the insured's employes while covered under said bond. It further sets forth that James H. Nulton, defendant, was an employe of the said Goldsmit-Black, Inc., of Altoona, in the capacity of office manager from February 1, 1937, to the date of his discharge February 10, 1939. It further alleged that from February 1, 1937, to February 10, 1939, defendant had sole and complete charge of the office of Goldsmit-Black, Inc., of Altoona, and that the duties of said defendant included the custody and care of all money paid into said office by employes, salesmen and customers of Goldsmit-Black, Inc., of Altoona, and the keeping of true and accurate records of such moneys, the entering of all accounts in books furnished to defendant, of which books defendant had exclusive charge, and the payment of all moneys collected by defendant to Goldsmit-Black, Inc. It further claims that on February 10, 1939, defendant was discharged by his employer, Goldsmit-Black, Inc., of Altoona, and that an audit was made of the books kept exclusively by defendant, in which books defendant should have entered all items usually entered in similar books of account, and that the audit revealed a shortage in the account of defendant in the amount of $2,322.19, and that all of the deficiencies occurred between January 3, 1939, and February 10, 1939, while defendant was an employe of Goldsmit-Black, Inc., of Altoona. It also sets forth that Goldsmit-Black, Inc., the insured, made demand upon plaintiff, under the bond, for the sum of $2,322.19, and accepted from the plaintiff, in full settlement of its claim, the sum of $2,317.75, which sum plaintiff paid to Goldsmit-Black, Inc., of Altoona, by check dated May 22, 1939. Finally, plaintiff alleges that it made its first demand for payment from defendant on February 28, 1939, and that defendant repeatedly promised to make payment, but that he had not made payment up to the time of the filing of this suit;

that defendant has no set-off or counterclaim to its demand, and claims there is now justly due, owing and payable by defendant to plaintiff $2,317.75 with interest from May 22, 1939.

On August 18, 1944, defendant filed an affidavit of defense raising questions of law, and asked that the suit be dismissed at the cost of plaintiff for the following reasons:

"(a) That any payment made by plaintiff to the said Goldsmit-Black, Inc., was done by plaintiff as a volunteer.

"(b) Plaintiff is not a surety or guarantor for defendant, but was an indemnitor or insurer for the Goldsmit-Black, Inc.

"(c) Defendant was not a party to the contract nor was there any consideration existing between him and plaintiff for said contract of indemnity.

"(d) There is no legal or equitable subrogation by plaintiff to the rights and remedies of the said Goldsmit-Black, Inc.

"(e) Defendant is not charged with the commission of any of the criminal acts covered by said indemnity bond or insurance.

"(f) Plaintiff has no legal right of action against defendant."

The only contention of defendant which has any merit is the one labeled "(e)" above, wherein defendant alleges that the statement of claim fails to charge defendant with the commission of any of the criminal acts covered by the bond. We are of the opinion that plaintiff must allege in its statement of claim that defendant caused a direct loss of money to Goldsmit-Black, Inc., of Altoona, by either larceny, embezzlement, forgery, misappropriation, wrongful abstraction, or some other fraudulent or dishonest act or acts. If the audit of the books of Goldsmit-Black, Inc., of Altoona, for a period from January 1, 1939, to February 19, 1939, revealed a shortage not attributable

to larceny, embezzlement, forgery, misappropriation, wrongful abstraction, or other fraudulent or dishonest act or acts committed by defendant, plaintiff was under no obligation to pay anything to GoldsmitBlack, Inc., of Altoona, and its act of paying the sum of $2,317.75 to Goldsmit-Black, Inc., would be the act of a volunteer and defendant would be under no obligation to repay the money to plaintiff. Since this defect in the pleading is amendable, we will give plaintiff 15 days from the date of the order hereinafter made within which to amend its pleading.

The first question of law raised by defendant is that "any payment made by plaintiff to Goldsmit-Black, Inc., was done by plaintiff as a volunteer". This is not so. If the shortage in defendant's accounts was the result of larceny, embezzlement, forgery, misappropriation, wrongful abstraction, or other fraudulent or dishonest act or acts on the part of the defendant, plaintiff was obliged to pay the creditor and became entitled to reimbursement under the doctrine that "Where a surety who has undertaken his obligation without the consent of the principal makes a payment or otherwise performs on account of the principal, it is the duty of the principal to reimburse the surety to the extent that the principal has been unjustly enriched": §104(2), chap. 4, A. L. I. Restatement of the Law of Security.

The principal is enriched whenever his debt is satisfied as the result of a payment by another; he is not unjustly enriched if the payment is made by a volunteer, that is, one who makes the payment otherwise than in discharge of his own duty. A surety who contracts with a creditor without the consent of the principal is not a volunteer. A creditor is entitled to obtain the additional security afforded by a surety. The payment by the surety in satisfaction of his own obligation, which has the effect of discharging the principal, is an unjust enrichment of the principal. He must, there-

fore, reimburse the surety to the extent of the enrichment: Restatement of the Law of Restitution, par. 76 and 80. Pennsylvania follows the Restatement in the matter of the law of unjust enrichment; Gladowski et al. v. Felczak et al., 346 Pa. 660.

As between plaintiff and Goldsmit-Black, Inc., there is no doubt about the fact that plaintiff is an insurer (South Philadelphia State Bank v. National Surety Company, 288 Pa. 300), but under the definition of suretyship, as set forth in A. L. I. Restatement of the Law of Security, §82, as between plaintiff and defendant, plaintiff is the surety and defendant is the principal, the creditor being Goldsmit-Black, Inc.

Suretyship is the relation which exists where one person has undertaken an obligation and another person is also under an obligation or other duty to the obligee, who is entitled to but one performance, and as between the two who are bound, one rather than the other should perform.

In comment *"f"* under this definition the Restatement concludes that to say that the principal in suretyship should perform does not mean that he has made any such agreement with the surety. The surety may have undertaken his obligation as a result of direct dealings with the creditor without the consent of the principal or even without his knowledge. The one who should perform, the one who has the principal or primary obligation, in suretyship, is the one who, considering the situation as a whole, has the ultimate liability, or who would have the ultimate liability were it not for some defense, such as infancy, which is personal to himself.

By the Act of July 24, 1913, P. L. 971, sec. 1 (8 PS §1), Pennsylvania adopted a rule of construction in an attempt to solve the difficulties which before that time plagued the courts when a contract of guaranty or suretyship came before the courts for construction. By that act it was provided:

"That every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship,' or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: 'This portion of the agreement is not intended to impose the liability of suretyship.' "

Adopting this rule of construction in the case at bar a relationship of principal and surety arises between defendant and plaintiff, at least from the date when plaintiff paid Goldsmit-Black, Inc. This ruling disposes of contention "(b)" of defendant above set forth in detail.

The complaint made by defendant that he was not a party to the contract nor was there any consideration existing between him and plaintiff for the contract of indemnity has no merit, for it is shown in comment "h" of subsection 2 of §104 of the A. L. I. Restatement of the Law of Security, as above set forth, that the relationship of surety and principal may be created without the consent or knowledge of the principal, and without any consideration passing directly between the two. Such a relationship is created where the insurer, plaintiff in this case, pays an obligation which is primarily due from the principal defendant in this case, whereby the principal becomes unjustly enriched.

The question of law raised by defendant and labeled "(d)", has no merit. "Where property of one person is used in discharging an obligation owed by another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee." Since, in the case at bar,

the payment made by plaintiff to Goldsmit-Black, Inc., was not made officiously, but was by reason of an obligation in the form of a fidelity bond issued by plaintiff to Goldsmit-Black, Inc., plaintiff is entitled to restitution. Where one uses his money or property to discharge the obligation of another he is entitled to reimbursement, and is entitled to the remedy of subrogation to obtain reimbursement, if the payment was not made officiously: Comment "b", §162, Restatement of the Law of Restitution. Plaintiff is not officious where he was under duty to make the payment, as, for example, where he was a surety as in the case at bar. See §76 of the A. L. I. Restatement of the Law of Restitution, reading as follows:

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

In the oral argument defendant contended that there was no assignment made by the creditor, Goldsmit-Black, Inc., to plaintiff, and therefore, since there was no legal or equitable subrogation by plaintiff to the rights and remedies of Goldsmit-Black, Inc., plaintiff has no right to recover from defendant. We have already disposed of the question of subrogation, holding that plaintiff is subrogated to the rights of Goldsmit-Black, Inc., against defendant. The Pennsylvania courts are in accord with the Restatement of the Law of Restitution, §162, comment "h", and hold that a formal assignment is not essential to subrogation: Page 260 of the Pennsylvania annotations to the A. L. I. Restatement of the Law of Restitution, comment "h", and the cases there cited.

Under Procedural Rule no. 2002, adopted by the Supreme Court of Pennsylvania, an insurer, in this

case plaintiff, may sue in its own name as the real party in interest.

Finally, defendant has contended in his brief and in the oral argument that the copy of the bond on which suit was brought, attached to plaintiff's statement of claim, was not signed by an officer of the plaintiff corporation, and therefore plaintiff was not obliged to make payment to the creditor, Goldsmit-Black, Inc. This is not the law. The law of Pennsylvania on this subject is set forth in §79 of the A. L. I. Restatement of the Law of Restitution, as follows:

"A person who entered into a transaction as an obligor, or who was claimed by the creditor to be an obligor, upon an obligation which, as between such person and another, the other had a primary duty to discharge, and who has paid the creditor in discharge of the obligation at a time when it existed against the other, is entitled to indemnity from the other, although originally or at the time of payment, the payor was under no duty to make the payment, unless his payment was officious."

The courts of Pennsylvania are in accord with this statement of the law, and by reference to the cases collected in the Annotation to the A. L. I. Restatement of the Law of Restitution, §79, page 104, it is made clear, in the case of Slack v. Kirk, 67 Pa. 380, that an endorser who paid, notwithstanding he could have pleaded the Statute of Frauds, may have indemnity. The rule is stated in slightly different form in §108, 1 (a) of the A. L. I. Restatement of the Law of Security, as follows:

"The principal is not relieved of his duty to reimburse a person who has become a surety with the consent of the principal where the surety

"(a) pays an obligation for which the principal is liable, even if the surety has a defense."

For other Pennsylvania cases see: Talmage et al. v. Burlingame and Irons, 9 Pa. 21; J. I. Meek v. Harvey Frantz, 171 Pa. 632; Craig v. Lininger, 61 Pa. Superior Ct. 339.

We will therefore sustain the position of defendant in raising the question of law to the effect that plaintiff has not stated a good cause of action in the respect that it failed to allege that the loss of money sustained by Goldsmit-Black, Inc., the creditor, was caused by larceny, embezzlement, forgery, misappropriation, wrongful abstraction, or other fraudulent or dishonest act or acts committed by the defendant. Plaintiff is entitled, however, to amend its statement of claim by adding thereto one such allegation, if such allegation is true in fact. In all other respects we are of the opinion that the statement of claim filed by plaintiff states a good cause of action.