# Commonwealth ex rel. *v.* Egan, Appellant.

*Public officers—Burgess—Interest in sales to borough—Stockholder of a corporation—Act of May 28, 1907, P. L. 262.*

Under the Act of May 28, 1907, P. L. 262, a burgess of a borough will be ousted from his office, if it appears that he was a stockholder and president of a corporation at a time when the corporation sold supplies to the borough, and this is the case although the burgess may have had no knowledge of the sales until warrants were issued for the same, and he was called upon to indorse and did indorse such warrants as president of the corporation.

Argued Oct. 17, 1911. Appeal, No. 63, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 712, awarding ouster in case of Commonwealth ex rel. William A. Blakeley, District Attorney of Allegheny County, v. Fred W. Egan. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Quo warranto to oust defendant from office of burgess.

SHAFER, J., filed the following opinion:

The proceeding is a quo warranto against the burgess of the borough of East Pittsburg, to oust him from his office by reason of his alleged violation of the act of May 28, 1907, relating to borough officers. The suggestion alleges that the defendant was the duly elected burgess of the borough of East Pittsburg; that he was, at and after the time of his election, interested in the Egan Plumbing & Constructing Company as stockholder and as manager; and that while he was burgess and so interested in the company, that company sold to the borough certain goods.

The answer of the defendant to the suggestion denied that he was financially interested in the Egan Plumbing & Contracting Company at the time of his election and at the time of the purchases alleged to have been made;

admitted that the Egan Plumbing Company did sell the goods in question, part of them for the use of the lockup, the goods being purchased by the chief of police and the street commissioner, under circumstances requiring haste in the procurement thereof; and that the sales were made without his knowledge and against his order; to which a replication was filed and the case set down for trial.

Upon the trial the jury found a special verdict, that at the time the purchases were made from the Egan Plumbing Company the defendant was a stockholder in that company and was president of it; and they further found that when the purchases were made he did not know of them until after the goods had been delivered and the work done, and had knowledge of them only when warrants were issued for the same and of the payment of the warrants, and that if upon this state of facts the court should be of opinion that the plaintiff was entitled to recover, then to find for the plaintiff, and otherwise to find for the defendant.

The act in question makes it unlawful for the burgess or other officers of a borough to be interested either directly or indirectly in any contract for supplies to be furnished for the borough, and for any burgess to be a member of any partnership, or stockholder and officer in any corporation, or agent or employee of any individual, partnership or corporation in any way interested in any contract for the sale and furnishing of any supplies for the borough, and provides that any person violating these provisions or any of them, shall forfeit his office.

It is urged upon us by counsel for the defendant that it was not the intention of the act to deprive a man of his office because some employee of a company of which he was a stockholder took it upon himself, without the knowledge of the stockholder, or perhaps against his express order, to sell some small item to an officer of the borough for the use of the borough, and we are not prepared to say that there may not be cases within the broad and literal terms of the act to which it should be held not

to apply. In the present case, however, there were a number of small sales at different times, as admitted by the defendant in his pleadings, and he knew of them when warrants were drawn for their payment, and knew of the payment of the warrants, and although it is not so found in the special verdict, it appeared from the evidence that he indorsed these warrants himself as president of the company. These facts show not a repudiation of the contracts when they came to his knowledge, but an adoption of them. It has been frequently held that the amount involved in such cases makes no difference, and that the intention of the party is also immaterial. The act makes certain relations between the officer and the borough unlawful without reference to whether they are knowingly or corruptly entered into, and the legislature has undoubted power to make such a provision, as the deprivation of an office of this kind does not affect the liberty or property of the official.

It is therefore ordered that judgment be entered on the verdict for the plaintiff, and that the defendant, Fred W. Egan, be ousted from office of burgess of the borough of East Pittsburg.

*Error assigned* was the judgment of the court.

*W. S. Maxey*, for appellant.—The sales or furnishings of supplies in the reported cases appear to have been made with the knowledge of the defendants and in this case the sales and furnishings of supplies was made without the knowledge of the defendants: Com. ex rel. v. Paul, 15 Pa. Dist. Rep. 677; Com. v. Johnston, 5 Pa. Superior Ct. 585.

*Charles B. Prichard*, for appellee, was not heard.

Per Curiam, January 2, 1912:

The judgment is affirmed on the opinion of Judge Shafer.