## Hanover Township School District's Audit.

*School law—Contracts—Failure to advertise — Directors — Surcharge—Payments of money—Ratification—Auditors—Filing report—Notice—Jurisdiction—Waiver of objection—Acts of May 18, 1911, P. L. 309, 428, and June 9, 1911, P. L. 865.*

1. Where the auditors of the accounts of school directors file their report in the court of common pleas and file a copy with the school board as provided by the Act of May 18, 1911, P. L. 309, the directors cannot object that the court of common pleas was without jurisdiction, because the auditors did not file their report in the court of quarter sessions as provided by the Act of June 9, 1911, P. L. 865, and notify the directors of a surcharge before filing their report, as provided by the Act of May 18, 1911, where it appears that the directors had actual notice of the report and surcharge, and made no objection to the jurisdiction until after their appearance in the common pleas and trial on the merits, and it also appears that they were not in fact harmed, or that any technical right was lost by them, through the action of the auditors.

2. In such a case, if the directors had failed to appear, the want of notice to which they were entitled under the act, would have been

a valid defense, but, having appeared, they submitted themselves to the jurisdiction of the court.

3. Auditors may surcharge school directors with improper payments made during the fiscal year, although such payments were made on contracts entered into by such directors, previous to the beginning of the year covered by the account.

4. School directors may be surcharged with illegal payments of school moneys, although the records of the board do not show that they actually voted for or approved the payments, if it appears that they were present at the meetings, made no objections to the payments, and the circumstances are such that the court may assume that each member voted for or approved the payments, or subsequently ratified the acts of the others.

5. School directors may be surcharged for the illegal payments of school moneys, although there is no evidence to show that the school district actually suffered financial loss through fault or negligence of the directors, within the meaning of the Act of June 9, 1911, P. L. 865.

6. In issuing orders for the payment of money, the school directors must be governed entirely by the provisions of the school code with respect to both the manner of payment and the purpose. If they award contracts without competitive bidding and pay out moneys under such contracts, they are personally liable for the whole amount of such payments.

Argued April 14, 1919. Appeals, Nos. 166, 167, 168, 169, 170, 171 and 172, Jan. T., 1919, by William H. Morris, William B. Delaney, Patrick Lenahan, Thomas Lavin, John A. Reily and Henry W. Brown, School Directors, from judgment of C. P. Luzerne Co., June T., 1912, No. 474, on appeal from school audit in case of Hanover Township School District's Audit. Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from school district audit. Before STRAUSS, J.

The court entered judgments against the directors in various sums aggregating over $11,000. The directors appealed.

*Error assigned* was in entering the judgment.

*Benj. R. Jones,* with him *F. A. McGuigan* and *P. W. McKeown,* for appellants.—The court was without jurisdiction: Sifred v. Com., 104 Pa. 179; Collins v. Collins, 37 Pa. 389; Walton's Est., 174 Pa. 195; Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299; Deihm v. Snell, 119 Pa. 316; Mitchell v. Cowgill, 4 Binney 20; Jewel v. Howe, 3 Watts 144; Norwegian Street, 81 Pa. 349; Lewisburg Bridge Co. v. Union County, 232 Pa. 255; Wall v. Wall, 123 Pa. 545.

The audit is irregular, and void, because there was not served on the surcharged directors the notice required by section 2614 of the school code: Stansbury v. Bertron, 7 W. & S. 363; Maddocks v. McGann, 12 Dist. Rep. 701; Wilson v. Canevin, 226 Pa. 364.

The auditors were without any power to surcharge the school directors on any contract entered into prior to the first Monday in July, 1911: Dickinson Twp. v. Linn, 36 Pa. 431.

The auditors and the court had no power or authority to surcharge the school directors on order Nos. 171, 172 and 173, covering surcharges 4, 5 and 6, in the absence of any proof and findings of fact by the auditors or the court, as provided in section 2613 of the school code, that any of the school directors surcharged voted for or approved of the orders: Summit Hill School Directors, 258 Pa. 575.

*John D. Farnham,* for appellee.—The court had jurisdiction: Com. ex rel. v. Joyce, 3 Pa. Superior Ct. 609; Rankin's App., 95 Pa. 358; Magee v. Penna. S. V. R. R. Co., 13 Pa. Superior Ct. 187; Searight v. Carlisle Deposit Bank, 162 Pa. 504.

OPINION BY MR. JUSTICE FRAZER, June 21, 1919:

This appeal by the members of the school board of Hanover Township School District is from a decree of the Court of Common Pleas of Luzerne County, surcharging appellants with certain payments included in

their account for the fiscal year ending the first Monday of July, 1912, the amount of the surcharge aggregating $11, 458.05. The subject-matter of the surcharge, so far as this appeal is concerned, is money expended in contracts let for repairing the school building and grounds without previous advertising for bids, also money paid for books for the school library at prices found to be exorbitant.

Appellants first contend the court was without jurisdiction owing to the failure of the auditors to file a report of their audit in the office of the clerk of the court of quarter sessions, as required by Act of June 9, 1911, P. L. 865, and also failure to notify the school directors of the surcharge at or before the time of filing their report, in accordance with the requirements of section 2614 of the School Code of 1911, P. L. 427. In answer to this contention, section 2 of the act mentioned requires the auditors of every school district to file a report or statement of their settlement or audit "in the office of the clerk of the court of quarter sessions of the county within which such municipality or district shall be situated." Section 3 gives person interested in the report a right to appeal to the court of common pleas of the county within thirty days after the filing of such report, and further provides, an appeal being taken, the court may "direct an issue to determine the disputed questions of fact between the officers accounting and the borough, township, poor district, or school district." Instead of following the provisions of this act the auditors followed section 2620 of the School Code, Act of May 18, 1911, P. L. 309, 428, requiring reports of auditors to be filed in the court of common pleas and a copy filed with the school board. Section 2622 of the code also provides that persons interested may appeal from the auditors' return within thirty days after the report has been filed "in the same manner as appeals are now taken from a county auditors' report," which was under the Act of April 15, 1834, P. L. 547, sections 55, 56. The later Act of 1911 relates gen-

erally to the settlement and audit of accounts of all officers elected or appointed in boroughs, townships and districts, and does not purport to be an amendment of the school code, and was repealed at the next session of the legislature, in so far as it related to school districts (Act of May 20, 1913, P. L. 254). However, the effect of the filing of the auditors' report in the court of common pleas must be considered in view of the provisions of the act in force at that time.

No question as to the jurisdiction of the court was raised by appellants at the trial of the case. The report, as filed in the prothonotary's office, was in their possession and not until the argument of exceptions did appellants first contend the court was without jurisdiction because of the error in filing in the common pleas. The purpose of filing is to make a public record for the information of persons interested and who might not otherwise receive notice. Appellants apparently had actual notice as indicated by their appeal, and, consequently, were not injured or misled by the absence of a record in the quarter sessions. While an objection that the report was not filed as required by law would have been effective if made in time, an objection made after appearance and trial on the merits will not receive consideration. No rights were lost by reason of the mistake, inasmuch as the trial of the proceeding involved an investigation of all the facts. Furthermore, the appeal is taken, not from the report as filed, but from the findings and conclusion of the auditors, followed by a hearing attended by appellants. No harm resulted to appellants, nor was technical right lost by reason of the failure to file the report in the quarter sessions, and as the common pleas had jurisdiction over the subject-matter and the parties, no adequate cause appears for reversal on this ground: Brown v. Com., 2 Rawle 40; Godshalk v. Northampton Co., 71 Pa. 324.

Objection is also made that no notice was given appellants by the auditors of the surcharge "at or before the

time of filing their report by mail or otherwise," as required by section 2614 of the School Code. Conceding no formal notice was served on them, yet actual notice appears from the fact that they presented evidence at the hearing and were represented by counsel throughout the proceedings. Had they failed to appear, the want of notice to which they were entitled under the act would have been a valid defense; but, having appeared, they submitted themselves to the jurisdiction of the court.

Appellants further contend the auditors were without authority to surcharge on contracts entered into previous to the beginning of the fiscal year covered by the account. It appears, however, that payments, the subject-matter of surcharge, were made during the year. Under section 2613 of the code the auditors are required to "inspect every school order issued for the payment of money by the board of school directors......during the period of time covered by their audit." Under this provision it is immaterial at what time the contract was made, if the payments were, in fact, made during the time covered by the account. The disbursement of money is the subject-matter of the audit and not existing contracts entered into for the performance of work involving the subsequent expenditure of money. Nothing was paid out under the contracts during the previous year, consequently that year would not be involved in the account appealed from. If payments are likewise to be excluded from consideration at the time the accounts of the year in which payments were made are before the auditors, no authority to surcharge the directors at any time would exist. We deem it unnecessary to consider the result if the contract had been made by appellants' predecessors in office; that question does not arise, appellants having been in office at the time the contracts in question were entered into.

Another assignment questions the right of the court to surcharge the directors in absence of proof that those who were surcharged actually voted for or approved the

orders for payments made on the contracts. Section 2613 of the code provides that orders issued in any other manner or for any other purpose than therein specified shall be disallowed and "charged against the person or persons voting for or approving the same." The minutes in regard to the contract for repairing the furnaces show: "Mr. Connor being the lowest bidder, the contract for repairing furnaces and all other work where plumbing is necessary, was awarded to him." The minute referring to the carpenter work states: "The contract for making all necessary repairs where carpentry is required was awarded to Mr. Ed. Donohue," five directors voting to award the latter contract. The contract for laying sidewalks and constructing retaining walls was let for $468.20. The minutes fail to indicate the members voting in favor of making the contract. So far as appears, however, the resolutions were passed unanimously without objection either at the time or subsequently when orders for paying out money pursuant to the agreements were presented. Neither was a defense entered by either of the directors at the trial denying participation in the letting of the contract. On the contrary, their entire contention was that the money was properly paid out, and under the circumstances we are left to assume that each member voted for or approved the contract, or subsequently ratified the acts of the others. To say they did not vote for the resolution if they stood passively by and permitted other members of the board to enter into an unlawful contract is of no avail. The duty of each requires him to see that funds of the district are properly expended, and failure to object to improper expenditures of which they have knowledge amounts to a tacit approval of such wrongdoing, and subjects the director to liability for negligence in the performance of his duty. Each was aware the contracts were entered into without competitive bidding, and such knowledge upon the part of the board cast upon each individual member the burden of showing the act was done without his vote, and

against his express dissent, or other adequate reason sufficient to excuse liability.

Finally appellants argue the surcharge was improper because evidence was wanting tending to show the municipality actually suffered financial loss through fault or neglect of the directors, within the meaning of the Act of June 9, 1911, P. L. 865, providing for the surcharge of officers "whose act or neglect shall have contributed to the financial loss of any municipality or district" and, so far as appears from the record, the school district received full value for the money paid. Section 617, P. L. 350, of the School Code provides that every contract in excess of $300 for the construction and repair of public school buildings "shall be awarded to the lowest and best bidder, after due public notice has been given." Section 516 confers upon directors the right to pay out "in the manner herein provided, any funds of the district for any or all of the purposes herein provided, subject to all provisions of this act. The use or payment of any school funds in any district, in this Commonwealth in any manner or for any purpose not provided for in this act, shall be illegal." Section 517 provides that "any school director voting for, or any officer approving, any school order for the payment of school funds for any other purpose, or drawn in any other manner, than that provided in this act, shall......be individually liable to the district for the amount thereof." In section 2613 it is provided that "any school order issued in any other manner or for any other purpose than herein authorized shall, if paid, be disallowed by the auditors, and charged against the person or persons voting for or approving the same." It thus appears that in issuing orders for the payment of money, the directors must be governed entirely by the provisions of the code with respect to both the manner of payment and the purpose. Payments or acts necessary to constitute "financial loss" must be determined in view of the above provisions of the law. If the term is to include only the difference between the

contract price and the actual value of the work done, thus involving a consideration of the details relating to the performance of the contract, prices, etc., and not the entire loss resulting from the drawing and payment of an order pursuant to a contract illegal because made in violation of the express provisions of the code, such construction would, in effect, nullify the requirements as to public bidding and permit directors to award contracts to favorite bidders. Similar provisions in other statutes requiring competitive bidding have been uniformly construed to invalidate contracts let without observing the statutory requirements: Lewis v. Phila., 235 Pa. 260, 271, 273.

While our conclusion imposes a heavy burden upon appellants, the court is without power to relieve them from the effect of their own carelessness or error, whichever it may be: Flinn v. Phila., 258 Pa. 355. The duty of this court is to execute the legislative will in the manner prescribed in statutes so long as no constitutional provision is violated, regardless of the hardship of a particular case or whether our opinion as to what the law ought to be coincides with that of the legislature: McKibben v. Martin, 64 Pa. 352, 361; Weber v. Reinhard, 73 Pa. 370, 374.

The judgment of the court below is affirmed.