# In re: Appeal of Sykesville Borough.

*School laws—Contracts—Failure to advertise—Directors—Surcharge—Subrogation—Quantum meruit—Set off—Acts of May 13, 1911, P. L. 330; May 13, 1915, P. L. 311; July 10, 1919, P. L. 889.*

On appeal from the audit of the accounts of a school board it appeared that the directors made contracts for improvements to the school buildings without advertising for bids and without official action as required by the school code. In such case the directors were properly surcharged in the amount of the payments made.

It was error to subrogate the directors to the rights of the contractors and to enter judgment against the School District on a quantum meruit for the value of the improvements, and to set off this judgment against the surcharge.

The statute requires regular official action, evidenced by official minutes to ground an action against the school district, and, because this is a statutory requirement, all equities and implied liabilities are excluded.

Failure to conform to the statutory requirements renders such contract void and there can be no recovery on quantum meruit. Where no original right of action exists there is no right of subrogation or set off.

Argued April 12, 1927.   Appeal No. 100, April T., 1927, by intervening taxpayers from order, judgment and decree of C. P. Jefferson County, January T., 1926, No. 154, in the matter of the Appeal of J. E. Long, M. F. Killgallon, R. C. Bruce, J. E. Crooks and M. W. Harvey, from Report of the Auditors of the School District of Sykesville Borough, (Otto J. Nupp and I. G. Mansfield, Intervening taxpayers), Appellants.   Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed as to part, reversed as to part.

Appeal from School District audit surcharging directors.   Before DARR, P. J.

The facts appear in the opinion of the Superior Court and in the following decree of the court below.

And now, August, 30, A. D. 1926, after due and careful consideration, it is ordered, adjudged and decreed as follows:

1.   That the Appeal from the Report of the Auditors of the Accounts of the School District of Sykesville Borough for the year 1924 be dismissed.

2.   That the said Report be confirmed, and that J. E. Long, M. F. Killgallon, R. C. Bruce, J. E. Crooks, and W. M. Harvey, School Directors of said District, stand surcharged in the sum of $1363, with interest from the date of filing the Auditors' Report, to-wit, November 9, 1925.

3.   That judgment be entered in favor of the said School District and against the said J. E. Long, M. F. Killgallon, R. C. Bruce, J. E. Crooks and M. W. Harvey, said School Directors, for the said sum of $1363, with interest from the date of filing the Auditors' Report with the Clerk of Quarter Sessions of Jefferson County.

4.   It appearing to the Court that the above surcharge represented money paid to G. E. Rupert in the

sum of $363, and to Raine & Long in the sum of $1000, making a total of $1363, which said moneys were paid upon Orders drawn by the School Directors under and by virtue of invalid contracts for an improvement furnished to the said School District, of which said improvement the said District is now reaping and enjoying the benefit; and it appearing further that the value of the same exceeds the cost thereof paid by said District on said invalid Orders, and that by the terms of the surcharge the said Directors are made liable to refund the said amount to said District, therefore, it is further ordered, adjudged and decreed that the said J. E. Long, M. F. Killgallon, R. C. Bruce, J. E. Crooks, and M. W. Harvey, School Directors so as aforesaid surcharged, be and the same are hereby subrogated to the rights of the said G. E. Rupert and Raine & Long, the parties to whom said Orders were drawn, honored, and paid, by said District, with the same force and effect as if the claims of the said G. E. Rupert and Raine & Long for the cost of said improvement had been by them assigned to the said Directors who are made liable for said cost by said surcharge, the said Directors being legally converted by said surcharge into holders of said claims for value.

5.   That the interest of said G. E. Rupert and Raine & Long thus acquired by and vesting in the said Directors by virtue of the above subrogation is hereby defined to be the right to recover from the said School District of Sykesville Borough the cost of said improvement, not upon said invalid contracts but upon a quantum meruit or quantum valevant, the value of said improvement being greater than the cost thereof, which said Directors are entitled to recover, the amount of said interest thus defined being the sum of $1363, with interest from the date of the filing of the Auditors' Report as aforesaid.

6.   It is further ordered, adjudged and decreed that

judgment be entered in favor of J. E. Long, M. F. Killgallon, R. C. Bruce, J. E. Crooks and M. W. Harvey and against the School District of Sykesville Borough for the sum of $1363, with interest from the date of the filing of the Auditors' Report as aforesaid, the said judgment to be set off against the judgment entered in pursuance of paragraph three of his decree.

7. It is further ordered, adjudged and decreed that the School District of Sykesville Borough pay the costs.

The intervening taxpayers appealed.

*Error assigned* was the decree of the court allowing subrogation and set off.

*G. M. McDonald,* and with him *G. Malcolm McDonald,* for appellants, cited: Hanover Township School District Audit, 265 Pa. 157; Mauch Chunk Township Financial Statement, 75 Pa. Superior Ct. 434; Hagan Lumber Co. v. Duryea School District, 277 Pa. 345; Second National Bank v. Hoffman, 299 Pa. 429; Kreusler v. McKees Rocks School District, 256 Pa. 281; Hinkle v. Philadelphia, 214 Pa. 126; Smith v. Philadelphia, 227 Pa. 431; Waltman v. Albany Township, 64 Pa. Superior Ct. 458; Jackson v. Conneautville School District, 280 Pa. 601; Lewis v. Philadelphia, 235 Pa. 260; Grand Council of Penna., Royal Arcanum, v. Cornelius, 198 Pa. 46; Morrison v. Moreland, 15 S. & R. 61; National State Bank of Camden v. Linderman, 161 Pa., 199.

*Charles J. Margiotti,* and with him *W. M. Gillespie, Raymond E. Brown* and *Smith M. McCreight,* for appellees, cited: Millvale Boro: Appeal of Howard et al., 162 Pa. 374; Hibbs v. Arensberg et al., 276 Pa. 24; Zimmerman v. Miller, 237 Pa. 616; Oil Creek & Allegheny R. R. Co., v. Pa. Trans. Co., 83 Pa. 160; Watt's Appeal, 78 Pa. 370; Long v. Lemoyne Borough, 222 Pa.

311; Spring Twp. Auditors' Report, 1 D. & C. 532; Com. v. Commissioners of Phila. Co., 2 S. & R. 193.

Opinion by Linn, J., July 8, 1927:

This appeal grows out of the audit of the accounts of the school board of Sykesville Borough for the fiscal year ending July 1, 1924. The auditors surcharged the directors with two items, $363 paid to G. E. Rupert, and $1,000 paid to Raine & Long, on contracts for labor and materials for completing and fitting out an additional school room without advertising for bids as required by section 617 of the School Code (1911, P. L. 350). The directors had also failed to take and record the action required by section 403 (1911, P. L. 330).

From the surcharge, the directors appealed to the common pleas (act May 21, 1913, P. L. 288). There the appeal was dismissed on the ground that the expenditures were illegally made, but the court held that in the circumstances disclosed, the directors should be subrogated to the right to assert the claims of the contractors with whom the school board had dealt, and that this subrogated liability would extinguish, and, therefore in this proceeding, could be set off against, the surcharge; an order (appearing in the reporter's statement) was made to give effect to this view. From that order, taxpayers who had intervened below, have appealed.

Section 403 provides in part as follows: "The affirmative vote of a majority of all the members of the board of school directors in every school district in this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects......Entering into contracts of any kind, including the purchase of fuel or any supplies, where the amount involved exceeds one hundred dollars." Section 617 provides: "Every contract in excess of three hundred dollars ($300), made by any

school district in this Commonwealth, for the introduction of heating, ventilating, or lighting systems, or the construction, reconstruction, or repair of any school building, or work upon any school property, shall be awarded to the lowest and best bidder, after due public notice has been given, upon proper terms asking for competitive bids."

In the opinion filed below, the learned court states: "The contracts for these improvements were absolutely void, and the payments authorized by the directors thereunder were without the vestige of legal sanction; therefore the auditors' findings must be sustained and appeal dismissed." With that conclusion the case was at an end; the school directors had not sustained the burden of establishing before the auditors, the credits claimed by them as required by the act of May 13, 1915, P. L. 311. Instead of ending the proceeding, the court below stated that the hardship on the directors was so great "and the injustice of dismissing this appeal without condition is so apparent under the undisputed facts and circumstance of this case, that the court feels justified in endeavoring to find and apply some relief from the consequences of a surcharge so flagrantly inequitable though seemingly legal in every aspect."

To afford this relief the doctrine of subrogation was deemed applicable, and on that theory, the order appealed from was made. Subrogation is not applicable for several reasons. It is sufficient for present purposes to say that it cannot be applied where there is no right to which one can be subrogated, and here there is none. The learned court below went on the theory that the contractors, if unpaid for the work and materials, could recover, not by suit on the void contract, but by suit for a quantum meruit. The decisions are otherwise. Disregard of section 403 in respects in which it was disregarded by these school directors, was

held to prevent recovery on the implied contract to pay for services rendered as a teacher; Waltman v. Albany Twp. School District, 64 Pa. Superior Ct. 458, and cases there cited; at p. 469 this court said: "Regular official action, evidenced by official minutes, is what the statute requires to ground such an action as the present, and because it is a statutory requisition, all equities and implied liabilities are excluded: Cascade School District v. Lewis School District, 43 Pa. 318; Addis v. Pittsburgh, 85 Pa. 379; Ayers v. New Castle, 10 Pa. Superior Ct. 559." The reason for so holding is that the school board had no power to make an agreement to pay on the rule of a quantum meruit. Violation of section 617 gives the same result: Hanover Twp. School District's Audit, 265 Pa. 157, 164, in which the Supreme Court said: "While our conclusion imposes a heavy burden upon appellants, the court is without power to relieve them from the effect of their own carelessness or error, whichever it may be." See, too, Jackson v. Conneautville Borough School District, 280 Pa. 601, 605; Kreusler v. McKees Rocks School, 256 Pa. 281, 285, 291; In re: School District of Mauch Chunk Twp., 75 Pa. Superior Ct. 434, 439; Summit Hill School Directors 258 Pa. 575, 579.

Any other conclusion would result in a substantial modification of the school code. Section 516 empowers the school board "to use and pay out, in the manner herein provided, any funds of the district......subject to the provisions of this act. The use or payment of any public school funds of any school district in the Commonwealth, in any manner or for any purpose not provided in this act, shall be illegal." Section 517 provides that any "director voting for, or any officer approving, a school order for the payment of school funds for any other purpose, or drawn in any other manner, than that provided in this act, shall......be individually liable to the district for the amount there-

of.'' These provisions must be read with sections 403 and 617 in dealing with the conduct of the directors. It follows therefore that the learned court was wrong in assuming that the contractors C. E. Rupert and Raine & Long could have recovered against the school district on a quantum meruit. The order complained of subrogated the directors ''to the rights of the said [contractors] to whom said orders were drawn, honored, and paid, by said district, with the same force and effect as if the claims of said [contractors] had been by them assigned to the said directors who are made liable for said cost by said surcharge, the said directors being legally converted by said surcharge into holders of said claims for value.'' But as there had never been any right in the contractors to recover from the school district for the value of the labor and material furnished pursuant to the void contracts, there was no right which the directors could enforce through them. The order derives no support from Craig v. Lininger, 61 Pa. Superior Ct. 339, relied on by appellees. In that case it appeared that defendant had been overpaid by the county for services as District Attorney, and, the commissioners, having been surcharged by the auditors, were held to be subrogated to the right of the county to get back from the overpaid officer the amount of the overpayment on the ground that he held money which in equity and good conscience should be repaid by him to the county, but which, on his refusal to repay, the commissioners were required to pay and had paid on his behalf. There was a right in the county to collect from the District Attorney. At bar there was no right in the contractors; to the right of the county, the commissioners succeeded; at bar the contractors had no right of suit which the directors could take over ''......because it is a statutory requisition, all equities and implied liabilities are excluded;'' Waltman v. School District, supra.

To sustain the order, would produce the result which the statute was designed to prevent; without competitive bidding the contractors remain paid and the school district would not receive the amount of the surcharge required by the statute. Its prohibitions operated on both contractors and directors; their arrangement for work and materials was against its provisions and against the public policy of the Commonwealth; the contractors and the directors are in pari delicto and the law will not aid them: Kreusler v. McKees Rocks School District, 256 Pa. 281, 292, 294; Kuhn v. Buhl, 251 Pa. 348, 367, 370; N. Y. & P. Co. v. Coal Co., 286 Pa. 72; Hanover Twp. School District Audit, supra; In re: Removal of Coal Township School Directors— Pa.—(June 25, 1927).

The assignments of error are sustained, paragraphs four, five, six and seven are stricken from the order made below, and paragraphs one, two and three are ordered to stand as the judgment of the court; costs to be paid by the school directors.