### In re Appeal from the Report of Township Auditors of Coal Township.

Argued October 22, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Charles C. Lark,* and with him *J. A. Welsh,* for appellants.

*Abe L. Snyder,* and with him *John Kopyscianski,* for appellee.

Opinion by Keller, J., January 25, 1929:

Coal Township, Northumberland County, is a township of the first class. In 1924 the appellees were its commissioners, and Harry F. Reinhart its engineer of highways, appointed by the board of commissioners pursuant to section 213 of the Township Code of 1917,

P. L. 840, 864. During 1924 Reinhart also operated a stone quarry, under the trade name, Shamokin Stone Quarries Company.

The township commissioners asked bids for furnishing crushed stone for use on the highways during 1924 and on June 20, 1924, awarded the contract to said Shamokin Stone Quarries Company.

On July 3, 1924, certain tax payers of the township filed a bill in equity to have the said contract declared illegal and void, as in contravention of section 66 of the Criminal Code, (Act of March 31, 1860, P. L. 382, 400) and to enjoin the commissioners aforesaid from carrying out said contract or issuing any warrant for the payment of funds to said Reinhart or Shamokin Stone Quarries Company under the same. A preliminary injunction, as prayed for, was issued the same day, and on June 1, 1926, a final decree was entered by the court declaring said contract illegal and void, and enjoining the said commissioners from carrying out said contract or paying any moneys or issuing any warrants or checks for the payment of any moneys for stone, etc., furnished by said Reinhart or Shamokin Stone Quarries Company under said contract.

In their account for 1924 the commissioners took credit for four warrants paid the Shamokin Stone Quarries Company under said contract, as follows:

No. 298. June 30, 1924, $490.68 for 338,400 lbs. crushed stone delivered on Hospital Road.

No. 299. June 30, 1924, $492.39 for 518,300 lbs. crushed stone for Bear Gap Road.

No. 632. Nov. 14, 1924, $118 for stone delivered on Lynn Street.

No. 170. Nov. 14, 1924, $755.77 for stone and sand delivered on Hospital Road and Bear Gap Road.

It will be noted that the last two warrants were drawn after the granting of the preliminary injunction above mentioned. The township auditors, on August 12, 1925, filed their report allowing the above ·

credits, and these appellants, on September 10, 1925, appealed to the court of common pleas, which on April 2, 1928, dismissed the appeal.

The court below rightly held that township officers were within the inhibition of the 66th section of the Criminal Code aforesaid, and that Harry F. Reinhart, as engineer of highways, was an officer of the township, within the scope of that section. It ruled, however, that the payments were legal because the stone furnished under the contract was necessary and for emergency purposes.

Both the Supreme Court and this court have considered the 66th section of the Act of March 31, 1860, supra, in a number of cases. They have uniformly held that a contract entered into in violation of its terms is prohibited by law and utterly void: Milford Boro. v. Milford Water Co., 124 Pa. 610, 623; Trainer v. Wolfe, 140 Pa. 279, 288; Com. ex rel. Whitehouse v. Harris, 248 Pa. 570; Wolford v. Upper Salford Twp. School Dist., 46 Pa. Superior Ct. 1, 3, 4. The purpose of the enactment is clearly set forth in Com. v. Witman, 217 Pa. 411, 414, and Com. v. Miller (No. 1), 31 Pa. Superior Ct. 309, 315, and need not here be restated. The illegality of the transaction is not affected by the fact that there may have been no corrupt or dishonest intent, or unfairness in the price charged: Com. v. Miller, supra, p. 316; Milford Boro. v. Milford Water Co., supra, p. 623; Com. v. Egan, 234 Pa. 24, 26; Trainer v. Wolfe, supra, p. 288; Hanover Twp. School District's Audit, 265 Pa. 157, 163, 164; Com. v. Witman, supra, p. 418; and if payments have been illegally made pursuant to such unlawful contracts the responsible persons will be surcharged or denied credit in their accounts: Hanover Twp. School District's Audit, supra; Wolford v. Upper Salford Twp. School Dist., supra. They are not subject to ratification: Milford Boro. v. Milford Water Co., supra, p. 623; Trainer v. Wolfe, supra, p. 288; nor subrogation, or

any other device to circumvent the effect of the con-. tract's invalidity: In re Appeal of Sykesville Boro., 91 Pa. Superior Ct. 335. Nor are the courts concerned with the hardships which enforcement of the statute may produce: Hanover Twp. School District's Audit, supra, p. 165; Waltman v. Albany Twp. School Dist., 64 Pa. Superior Ct. 458, 469; Com. ex rel. Whitehouse v. Harris, supra, p. 573; In re Appeal of Sykesville Boro., supra. The inhibition of the statute is deeply grounded in public policy and is intended to prevent any possibility of the self interest of a public officer coming into conflict with the interests of the municipality which he represents.

The reasons given by the court below for refusing to visit on the commissioners the necessary consequences of their illegal act are not adequate. That there was no physical impossibility to secure crushed stone and sand elsewhere is apparent from the fact that the township was able to secure these materials from other sources before Reinhart opened his quarry, and after his contract was declared invalid; and that there were other bidders at the time the contract was awarded to him. The order of the court to repair Bear Gap Road and put it in a condition passable for the traveling public did not contemplate a violation of the Act of 1860 in doing it; as the court well said on the hearing: "I understand it [i. e. the order to repair Bear Gap Road] doesn't amount to anything unless the court directed the stone to be furnished from these quarries" (p. 22-a). Moreover, two of these warrants, Nos. 298 and 632 had nothing to do with Bear Gap Road, but concerned Hospital Road and Lynn Street, as to which no order to repair had been issued by the court; and the fourth, No. 170, related to stone and sand delivered on Hospital Road as well as Bear Gap Road; how much was delivered to each does not appear. In any event, the evidence fails to show any great emergency or overpowering neces-

. sity requiring a violation of the 66th section of the Act of 1860 by these commissioners. Stone and sand are common materials, procurable at many places, and the evidence is too meager and inconclusive to sustain a finding that would practically nullify the salutary provisions of the statute.

We are of one mind in holding that the commissioners should have been surcharged with the amounts paid the township engineer for materials furnished by him for use on the township roads, contrary to the provisions of the Act of 1860, section 66, supra.

The assignments of error are sustained. The judgment is reversed and the record is remitted to the court below, with directions to surcharge the appellees with the moneys paid the Shamokin Stone Quarries Company as above. Costs to be paid by appellees.