## Commonwealth ex rel. v. Scheck.

Before Cohen, Rowand and Gray, JJ.

*Andrew G. Smith* and *Samuel A. Schreiner*, for plaintiff.

*Elmer A. Barchfeld* and *J. I. Simon*, for defendant.

GRAY, J., April 5, 1929.—It appears from the suggestion for the writ that the respondent, C. W. Scheck, was duly elected and qualified as a member of the Board of Commissioners of the Township of Mount Lebanon and entered upon the performance of the duties of his office on Jan. 1, 1926, and is now, and has been since said date, an incumbent of said office and performing the duties thereof; that between November, 1926, and June, 1928, said respondent, as a copartner with his wife, Maude W. Scheck, in the Hollywood Service Station, sold to the Township of Mount Lebanon gasoline, oil and other automobile accessories, vouchers for the payment of which were issued by the Township of Mount Lebanon Commissioners, which vouchers were subsequently paid, vouchers having been thus issued for seventeen different items of merchandise sold and delivered to the township by the respondent and his copartner, the total amount of said sales being $635.29; and it is conceded that the respondent, as president of the Board of Township Commissioners, signed the vouchers for the payment of said sums to himself and his copartner.

The basis of the motion to quash is that the sales by the respondent and his copartner to the township were not contracts for the sale of such supplies to the township; that, therefore, the transactions are not within the terms of section 66 of the Act of March 31, 1860, P. L. 382; that a township commissioner is not within the terms of said act of assembly, and that said act only prohibits a contract for the sale of supplies or materials to a municipal corporation by one who is a member of another corporation or public institution, and that since respondent was a member of a partnership making sales to the township, he is not within the terms of prohibition of the act.

Section 66 of the Act of March 31, 1860, P. L. 382, reads as follows: "It shall not be lawful for any councilman, burgess, trustee, manager or director of any corporation, municipality or public institution to be at the same time a treasurer, secretary or other officer, subordinate to the president and directors, who shall receive a salary therefrom or be the secretary of such officer, nor shall any member of any corporation or public institution, or any officer or agent thereof, be in anywise interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of any corporation, municipality or public institution of which he shall be a member or officer, or for which he shall be an agent, nor directly nor indirectly interested therein, nor receive any reward or gratuity from any person interested in such contract or sale; and any person violating these provisions, or either of

them, shall forfeit his membership in such corporation, municipality or institution and his office or appointment thereunder and shall be held guilty of a misdemeanor, and, on conviction thereof, be sentenced to pay a fine not exceeding $500."

That the transactions which admittedly took place between the respondent, through the Hollywood Service Station, and the township are within the prohibition of said act of assembly is established by the case of Com. v. Egan, 234 Pa. 24, where a series of sales to a municipality of a similar nature to the sales in this case were held to be a contract for the sale or furnishing of supplies or materials under the Act of May 28, 1907, P. L. 262, relating to boroughs, which act of assembly is substantially the same as the Act of 1860 in reference to the contracting or furnishing of supplies to a municipality.

Com. v. Witman, 217 Pa. 411, is a conclusive authority against the position of the respondent that because the Hollywood Service Station is a partnership and not a corporation the respondent is not such a person as is prohibited by the act from trading with the municipality of which he is a member. That case definitely holds that the words "nor shall any member of any corporation or public institution, or any officer or agent thereof, be in anywise interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of any corporation, municipality or public institution" refer to the membership of the party furnishing the supplies in the municipal corporation to which the supplies are furnished and not to his membership in a corporation furnishing such supplies to the municipality.

The third and last reason given by the respondent for the quashing of the writ is that a township commissioner is not within the terms of the 66th section of the Act of 1860; that since said act is a penal act it must be construed strictly, and it must be held that it does not prohibit a township commissioner from furnishing supplies to the municipality of which he is a member. This position is untenable. The Superior Court, by Judge Keller, at No. 188, October Term, 1928, in an opinion filed Jan. 25, 1929, which was a case where township commissioners were surcharged the amount of certain disbursements made to the engineer of highways of the township for materials supplied for township roads, among other things, said: "The court below rightly held that township officers were within the inhibition of the 66th section of the Criminal Code aforesaid." [95 Pa. Superior Ct. 401.]

And, further: "The inhibition of the statute is deeply grounded in public policy and is intended to prevent any possibility of the self-interest of a public officer coming into conflict with the interests of the municipality which he represents."

Section 66 of the Act of 1860 prohibits any member of any corporation or public institution, or any officer or agent thereof, to be in anywise interested in any contract for the sale or furnishing of any supplies or materials to or for the use of the corporation, municipality or institution of which such person shall be a member or officer. Respondent is clearly within the terms of said prohibition.

We are of opinion that the motion to quash should be refused.

*Order.*

And now, April 5, 1929, it is ordered and decreed that the rule to show cause why the writ of *quo warranto* should not be quashed is discharged and the motion to quash denied, respondent to answer within fifteen days from receipt of a copy of this order.

From William J. Aiken, Pittsburgh, Pa.