Bruce et al. *v.* School District of Sykesville Boro., Appellant.

Argued April 8, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Pentz & Pentz,* for appellant.—The school directors are not entitled to use funds of the school district to defend themselves in their capacity as school directors in suits charging them with violation of the School Code: Winston v. Morss, 87 Pa. 77; Hempstead et al.

v. Meadville Theological School, 286 Pa. 493; Alexander v. Herr, 11 Pa. 537.

*Charles J. Margiotti,* and with him *W. M. Gillespie* and *S. C. Pugliese,* for appellants.—The presumption is that a public official is acting in good faith and if this is not rebutted he is entitled to counsel fees in his own defense: Georges Township v. Union Trust Company, 293 Pa. 364; Vernon Township v. United Natural Gas Co., 256 Pa. 435; Gump v. McDaniel, 42 Pa. Superior Ct. 429; Winlack v. Geist and Thomas, 107 Pa. 297.

OPINION BY LINN, J., July 2, 1929:

In the appeal of Sykesville Borough, 91 Pa. Superior Ct. 335, a suit growing out of the audit of the accounts of the school board of the borough school district for the fiscal year ending June 30, 1925, it was determined that the five persons who were members of the school board for that year, were indebted to the school district in the sum of $1,363, and judgment was accordingly entered against them and in favor of the school district for that sum; it was also ordered that the defendants in that suit pay the costs.

The counsel fee incurred in that suit and the costs of printing the briefs on appeal, are the subject of the present case. It grows out of the audit of the finances of the same school district for the fiscal year ending June 30, 1927. Taxpayers appealed from the report of the auditors, contending that the auditors allowed expenditures made by the school board which should have been disallowed and charged against the directors approving the expenditure (Sec. 2613 of the School Code, 1911 P. L. 427, Hanover Twp. School District's Audit, 265 Pa. 157, 164). The court below dismissed the appeal, thus approving the report of the auditors,

A taxpayer, who was a party below, has appealed to this court.

We confine our review to the two questions stated by appellant: 1, the failure to surcharge the directors with the sums spent in 1927 for counsel fee and for printing on the appeal of the borough growing out of the audit of 1925 referred to at the beginning of this opinion; 2, failure to surcharge with interest payments to be referred to.

1. The counsel fee was $515 and the printing bill $46.50. Those expenditures were made, not for services rendered to the school district in 1926-27, but in defending the five members of the board of 1924-25 in the litigation referred to. The court below had found, and we saw no reason to question the finding, that the directors acted in good faith in making the expenditure in 1924-25; that, however, did not excuse their failure to comply with mandatory provisions of the code. When the directors of 1925 appealed from the report of the auditors surcharging them, they were confronted with the Act of May 13, 1915, P. L. 311, providing that on such appeal "the accounts ...... may be investigated de novo, but the figures and facts found and stated by the auditors in their report of audit shall be taken as prima facie correct as against any such officer and the burden shall be upon such officer whose accounts are in question of establishing the credits to which he shall be entitled."

Accordingly, stating their relationship in that proceeding in terms of parties, the directors occupied the place of defendants and the school district that of plaintiff. In defending themselves against the payment of the sums with which the auditors had charged them, they became personally liable to pay for services rendered to them by counsel in the litigation, as well as for such costs as might lawfully be imposed. The law does not authorize them, while defending them-

selves, to require the plaintiff school district to pay their counsel and there is no power in the court to require it; Hempstead v. Meadville Seminary, 286 Pa. 493; we must therefore order the surcharge of the directors who approved the two items of expenditure in question.

2. The second point appears in appellant's statement of questions involved as follows: "School directors should be surcharged with interest paid on money borrowed to operate the public schools of their district when they have failed to compel tax collectors to collect the monies outstanding on duplicates for a number of years back."

The record does not justify a discussion of that general subject. We have for review only the audit of the finances for the year July 1, 1926, to June 30, 1927, as specified in the statute. No other period is before us; no other period was before the auditors. Section 2613 (1911, P. L. 427), provides "The auditors herein provided to audit the finances of school districts of the second, third, and fourth class in this Commonwealth, shall carefully inspect every school order issued for the payment of money by the board of school directors, and the accounts of each official or person whose accounts are to be audited in the district for which they are acting as auditors during the period of time covered by their audit. Any school order issued in any other manner or for any other purpose than herein authorized shall, if paid, be disallowed by the auditors, and charged against the person or persons voting for or approving the same, and all such orders disallowed shall be set forth in the report to be made by the several auditors as herein provided, together with such other sum or sums as should be properly charged against any person or persons. Such auditors shall also examine, and report to the proper boards of school directors upon the sufficiency and the

security of the bonds of the officers, employes, and appointees of the boards of school directors and of the school depositories.''

The record states that during the year in question demand notes given by the school district, beginning with the year 1919, were consolidated into one of $18,-500; that interest amounting to $1,156.43 was paid ''on short term loans;'' all or part seem to have been made prior to the fiscal year of 1926-27, though on this subject, the record is neither clear nor adequate; the notes were not in court, and no account of them appears to have been stated. We gather from the record that the accounts showed that during the year under audit the school district remained obligated to pay a demand note or notes in the total stated, part or all of which indebtedness had been incurred before the fiscal year began, and that the interest was paid on that obligation. No reason has been shown why the interest should not have been paid or why these directors be surcharged with the amount.

The order appealed from is modified and the record is remitted with instructions to reinstate the appeal from the report of the auditors of the school district of the borough of Sykesville and to make an order surcharging the members of the school board who voted for or approved the payment of the counsel fee of $515 and the printing bill of $46.50 referred to in this appeal, the costs of this appeal to be paid by the surcharged school directors.