## Bare et al. v. Manchester Borough et al.

*Ralph F. Fisher,* for plaintiffs; *Carl R. May,* for defendants.

SHERWOOD, J., February 24, 1934.—This matter comes before the court on preliminary objections to the plaintiff's bill. The facts set forth in the bill, which for this purpose must be accepted as true, are as follows:

The plaintiffs during 1927 were councilmen of the Borough of Manchester. Said borough council, in February and March of 1927, advertised for bids for the purchase of a fire apparatus, according to certain specifications, and, in accordance with said advertisements, two bids were received by the council according to specifications and three were received not in accordance with the specifications. On March 14, 1927, the council awarded the contract to build said fire apparatus to Buffalo Fire Appliance Corporation, and on March 27,

1927, a written contract with the said corporation was entered into by the borough for the purchase of said fire apparatus. On April 4, 1927, upon the delivery of the apparatus, 166 citizens of Manchester Borough presented their petition to the borough council, calling the council's attention to the fact that it had made an error by entering into said contract for the purchase of said apparatus due to the fact that it was not in accordance with the specifications advertised; but on June 6, 1927, the borough council nevertheless accepted the apparatus furnished by Buffalo Fire Appliance Corporation, and on said date authorized payment for the same in the sum of $5,250. The fire apparatus so purchased was not in accordance with specifications furnished bidders, and the contract was not awarded to the lowest responsible bidder. At the audit of the accounts of the borough officers for the year 1927, credit was allowed for payment out of the funds of the borough to Buffalo Fire Appliance Corporation for the said fire apparatus, $5,250. On April 2, 1928, the Borough of Manchester appealed from the settlement of said credit; after testimony and argument, the Court of Common Pleas of York County, Pa., on October 1, 1928, filed a decree nisi entering judgment against the plaintiffs, surcharging them with the above amount [42 York 97]. Exceptions to the said decree nisi were dismissed in an opinion of the York County Court of Common Pleas filed on December 7, 1928, and a final decree then entered, in pursuance of which plaintiffs paid the judgment on February 15, 1929. On June 6, 1927, the apparatus in question, having been delivered to the Borough of Manchester by Buffalo Fire Appliance Corporation, was in turn delivered by the borough to Union Fire Company, No. 1, and has since that date been constantly used by the said fire company and the Borough of Manchester. The plaintiffs have paid the sum of $5,250 out of their own funds while the Borough of Manchester contributed only an old Belmont hose truck, and the said borough has enjoyed the use of the apparatus in question at the cost and expense of the plaintiffs.

The bill closes with the following prayer: "That the Borough of Manchester and Union Fire Engine Company be required, by the equitable powers of your honorable court, to yield and deliver to your orators the said Buffalo Fire Appliance Corporation 500-gallon pump booster tank and hose body fire apparatus."

The Borough of Manchester, on June 7, 1933, filed preliminary objections to the plaintiff's bill, praying that the same be dismissed for the following reasons:

"1. The plaintiff has a full, complete, and adequate remedy at law"; and "2. The plaintiff's bill discloses no ground for equitable relief."

Plaintiff's bill clearly discloses that the only question in dispute is a controversy over the ownership or right of possession of an article of personal property. The test of equity jurisdiction is the absence of a plain and adequate remedy at law. It is settled that a court of equity will not interpose in a controversy over the ownership and right of possession of personal property, and for that reason alone the bill should be dismissed.

Looking at the bill on its merits, we also come to the conclusion that it does not set forth any ground for equitable relief. At the argument, plaintiffs urged upon the court the fact that the borough did not suffer any loss from the breach of duty on the part of the councilmen, and that they individually did not make any gain. Assuming the facts to be so, while we can sympathize with their feelings, their arguments are addressed to the wrong tribunal.

Plaintiffs also urged upon us the rule that if, without contract, one obtains the goods of another, he must return them or pay their fair value, but this has no application to the facts of the case. No one who furnished materials is legally interested in these proceedings. What we are considering is the result flowing from a failure to obey legal requirements imposed upon the borough councilmen

38

in the letting of a contract. The rule that he who obtains the goods of another cannot keep them and refuse to pay the contract price, or their fair market value if there was no contract, has no application to municipal officials who have received and paid for supplies in violation of law. Where such purchases are made, the only question is, has the money of the municipality been legally expended: Chester School District's Audit, 301 Pa. 203, 216; In re Appeal of Sykesville Borough, 91 Pa. Superior Ct. 335; Kreusler v. McKees Rocks School District, 256 Pa. 281.

It follows that the facts set forth in the bill disclose no ground for equitable relief, and the bill should be dismissed at the costs of the plaintiffs.

And now, to wit, February 23, 1934, this case came on to be heard, was argued by counsel and, upon consideration thereof, it is ordered, adjudged, and decreed as follows: That the bill be dismissed at the costs of the plaintiffs, and the prothonotary is hereby directed to enter this decree as a decree nisi and, unless exceptions are filed thereto within 15 days from the entry of the decree nisi, the same shall be entered as a decree absolute as of course.

From George Hay Kain, York, Pa.