RUD. DEGERMARK A.-B. v. MONARCH SILK CO., Inc., et al.

Civ. A. No. 9529.

United States District Court
E. D. Pennsylvania.

July 28, 1949.

Albert S. Oliensis, Philadelphia, Pa., for plaintiff.

Hyman Zuckerman, Philadelphia, Pa., for defendant Monarch Silk Co., Inc.

L. Arthur Greenstein, Daniel S. Greenstein, Philadelphia, Pa., for defendant Nylon Preboarders.

McGRANERY, District Judge.

The plaintiff in this action previously instituted a suit against the International Trade Company on the ground that certain hosiery which it purchased from International was delivered in a damaged condition, and that the quality of the hosiery was not of the same quality as the samples originally submitted. International joined Monarch Silk Co., Inc., and Nylon Preboarders, Inc. (the defendants in this action) by instituting third-party proceedings. Subsequently, the third-party proceedings were dismissed, with prejudice, by International.

Now the plaintiff seeks to recover against the defendants directly, on the theory that it may be subrogated to the position of International. The complaint alleges that Monarch supplied the samples which International had submitted to the plaintiff, as well as the merchandise ultimately delivered, and that Nylon dyed, finished and packed the hosiery, and shipped it to the plaintiff. Defendants have moved to dismiss the complaint.

The plaintiff concedes that no contractual relations existed between itself and the defendants, but maintains that the doctrine of equitable subrogation does not depend upon privity of contract. That contention is valid. But indispensable to the doctrine is the existence of a claim, right or obligation owned by one party to which another may be subrogated. Vogue Co. v. Winston Co., 76 Pa.Super 158; Appeal of Sykesville Borough, 91 Pa.Super. 335. The cases cited by plaintiff, In re Boles's Estate, 316 Pa. 179, 173 A. 664; Williamson's Appeal, 94 Pa. 231; and Galbraith-Foxworth Lumber Co. v. Long, Tex. Civ.App., 5 S.W.2d 162, upon analysis, confirm this principle. No such claim, right or obligation exists here. International, having dismissed the third-party proceedings with prejudice, now possesses no rights against these defendants growing out of the transaction here involved. And if International has no rights against the defendants, the plaintiff can gain no rights against them by being subrogated to International's position. Accordingly, the motions to dismiss the complaint are granted.