# Commonwealth ex rel. *v.* Jones, Appellant.

*Public officers—County commissioners—County solicitors—Employment of special counsel — Attorney-at-law — Act of May 22, 1895, P. L. 101.*

1. County commissioners may enter into a special contract with an attorney-at-law, other than the county solicitor, to advise and assist them in all legal matters relating to alterations and additions to the courthouse and to provide a bond issue to pay therefor, and also to advise and assist them in connection with a large bond issue for highway improvements, such services not being specifically prescribed for county solicitors by the Act of May 22, 1895, P. L. 101.

2. The employment of special counsel by county commissioners to assist the county solicitor is not to be freely indulged in, and should never be done save under conditions which are unusual and exceptional, and where there is a real requirement for additional professional skill and knowledge.

Argued September 27, 1922.   Appeal, No. 195, Oct. T., 1922, by defendant, from judgment of C. P. Cambria Co., June T., 1922, No. 261, for relator on petition for mandamus, in case of Commonwealth ex rel. Philip N. Shettig v. Herman T. Jones, County Controller.   Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Petition for mandamus. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for relator.   Respondent appealed.

*Errors assigned,* inter alia, were affirmance of request for verdict for plaintiff and refusal of judgment n. o. v.

*L. S. Jones,* for appellant.—The services should have been performed by the county solicitor: Nelson v. Beaver County, 219 Pa. 320; Bechtel v. Fry, 217 Pa. 591.

*F. J. Hartman,* for appellee.—The county commissioners had power to employ relator: Cooper v. Lampeter Twp., 8 Watts 125; Vankirk v. Clark, 16 S. & R. 286; Allegheny v. Hospital, 48 Pa. 123; Schuylkill & Dauphin Imp. Co. v. McCreary, 58 Pa. 304; Chester County v. Barber, 97 Pa 455; Lancaster County v. Fulton, 128 Pa. 48; Com. ex rel. v. George, 148 Pa. 463; Com. ex rel. v. Phila., 176 Pa. 588.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

Philip N. Shettig, Esq., a member of the Cambria County Bar, was employed by the county commissioners of that county as special counsel in connection with certain important matters in which they deemed his legal services of benefit to the county.   At the time of his employment and while it continued, the county had its regular solicitor, appointed by the commissioners, who was paid the salary fixed by law.   For services rendered by him prior

to the year 1921, the relator was paid, but when he rendered his bill for the work done during that twelve months, the county controller, appellant, refused to authorize payment, (although it was approved by the commissioners), contending that under the Act of May 22, 1895, P. L. 101, and its amendments, the commissioners were without authority to employ special counsel to assist the county solicitor. The relator thereupon brought mandamus proceedings against the controller to compel him to countersign a warrant for the payment of the bill, the controller filed a return to the alternative writ denying relator's right to receive payment for the services rendered and, after further pleadings, the case came on for trial, binding instructions were given by the court in relator's favor, and, from the judgment on the verdict, the controller has appealed.

At the threshold of consideration of the case, it is proper to observe it is admitted the relator rendered valuable professional services to the county, the propriety of the bill, so far as its amount is concerned, is not challenged, nor is it alleged that the commissioners did not exercise good faith in employing relator or that his services were not required; the contention of the controller is based on the legal proposition that the commissioners were without power to employ appellee or to contract for the payment of the work he performed.

The third section of the Act of May 22, 1895, P. L. 101, providing for the appointment of county solicitors, sets forth, "He shall commence and prosecute all and every suit and suits brought or to be brought by the county, wherein or whereby any of the rights, privileges, properties, claim or demands of the county are involved, as well as defend all actions or suits brought against the county and shall perform all duties now enjoined by law upon county solicitors and shall do all and every professional act, incident to the office, which may be required of him by the officers named in said board." By subsequent legislation (Act of June 12, 1913, P. L. 492),

the salary of county solicitors in the class embracing Cambria County was fixed at $1,800 per annum.

The specific duties cast upon county solicitors by the section of the act quoted are: (1) to commence and prosecute all suits brought by the county wherein any of the rights, privileges, properties, claims or demands of the county are involved; (2) to defend all suits brought against the county; (3) to perform all duties now enjoined by law on county solicitors; (4) to do all and every professional act, incident to the office which may be required of him by the board of county commissioners. The employment of relator was not in connection with any suits brought by the county or against it; there has been no act of assembly called to our attention, nor have we found any, enjoining upon the county solicitor the duties relator performed, and there is neither allegation nor proof that the county solicitor, because of appellee's employment, has not done all the professional acts incident to the office required of him by the board of commissioners, hence the services rendered by the relator were not within the strict terms of the act.

Mr. Shettig was employed by resolution of the board of commissioners prior to any service rendered by him, and was so employed to take the place of another attorney who had been elevated to the bench. The services to be rendered were not general in relief of the county solicitor, but special in connection with specific projects, these being, all matters connected with proposed alterations and additions to the courthouse, the bonding of the county to provide the funds necessary to make them, and in all the legal incidents thereof, also as special associate counsel in connection with a proposed bond issue of the county, which the record shows was in excess of $4,000,000, for the purpose of providing improved highways within the county, part of which it was necessary to authorize by popular vote, and in all matters of a legal nature incident to or arising out of the creation of this indebtedness and the purposes thereof.

As to the services connected with the alterations and improvements to the courthouse, we learn from the opinion of the court below, "The courthouse alterations and improvements have been a subject of much dispute heretofore and the involved character of the matter is known to the court."

Speaking of the services the relator was called upon to render in connection with the road program and the bond issue for its accomplishment, the court below says, "As a part of the road building program of the State, the county decided to expend four million dollars, involving various bond issues, and it need not be argued that the various steps to be taken involved not only legal skill but painstaking care and accuracy. The condition was certainly unusual and exceptional, and when the commissioners decided that they should have the guidance of a lawyer of recognized ability, they were acting with reference to extraordinary circumstances." In the light of this and the other statements of the trial judge which have been referred to and the record as it stands, we cannot say the conditions giving rise to relator's employment were not unusual and exceptional.

When a substantially similar question to that here presented was before us in Bechtel v. Fry, 217 Pa. 591, it was not directly passed upon, because there had not been any antecedent contract between the attorney there claiming fees from the county and the commissioners; what was decided was "that as the Act of 1895 imposes upon the solicitor selected by the county commissioners the duty of commencing and prosecuting all suits brought by the county......and to defend all actions or suits brought against the county, the commissioners cannot employ any one else to take the place of the solicitor or act as his assistant generally"; but it was there said, "if in any case they can employ special counsel it is only in specific matters to be distinctly pointed out, and a contract in all exceptional cases must be made by the county commissioners with special counsel and precede

the rendition of the services for which compensation is claimed." In the pending case, there was such a contract so entered into. In affirming the judgment refusing the mandamus in the Bechtel Case, we did so "without prejudice to the right of the appellant to recover for any services which he may have rendered in civil cases [most of the services claimed for had been rendered in criminal cases] in pursuance of a legal contract with the county commissioners that he should render them."

The employment of special counsel by county commissioners to assist the county solicitor is not to be freely indulged in and should never be done save under conditions which are unusual and exceptional and where there is a real requirement for additional professional skill and knowledge. We cannot say that the instant case was not one in that class, but, in any event, the services performed were not those specifically prescribed for county solicitors by the Act of 1895. If general relief against an existing system is needed, it must be obtained from the legislature.

The judgment is affirmed.