Bloom, Appellant, *v.* Washington County.

Argued March 21, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Meyer Goldfarb,* with him *I. C. Bloom,* for appellant.

*Norman E. Clark,* for appellee.

PER CURIAM, April 11, 1932:

Plaintiff appeals from judgment entered for defendant upon an affidavit of defense in the nature of a demurrer in an action of assumpsit upon a contract of employment of which the facts were as follows: In accordance with a written request that a member of the bar be assigned to act as counsel for the prothonotary, clerk of courts, register of wills, coroner, treasurer and recorder of

deeds of Washington County, the county commissioners appointed plaintiff to the position, and by separate action, sitting as the salary board with the county controller and the respective officers, designated the salary to be paid him for his services. Since 1920 Washington County has been a county of the fourth class. Plaintiff rendered professional services for a period of twenty-two months without compensation, whereupon this action was instituted against the county to recover the sum of $2,750—the salary fixed for the period indicated. The court below sustained the statutory demurrer filed on behalf of the county commissioners, and the present appeal by plaintiff raises the question whether there can be recovery upon the aforementioned employment.

The legislature has never provided for the appointment of a solicitor to the offices for which plaintiff rendered his services. The Act of March 31, 1876, P. L. 13, section 7, provides that the salary board may determine the number of deputies or clerks required for the proper dispatch of business by each of such officers, and fix the salary of each of the clerks and deputies, but it does not authorize the board to appoint an attorney for the various officers referred to. Plaintiff does not claim to be included in the classification of clerk or deputy. It is apparent his purported appointment to office was ultra vires the salary board, and the alleged contract of employment creates no liability upon the part of the county. Nor is there implied power in the officers themselves to engage counsel to protect their interests at the expense of the county: Fry v. Berks Co., 38 Pa. Superior Ct. 449.

Appellant argues an implied power exists in the county commissioners to appoint an attorney for the performance of legal services which do not devolve upon the county solicitor. In Com. v. Jones, 275 Pa. 298, it was recognized that county commissioners may employ special counsel, but we there expressly stated that it should never be done except under unusual and excep-

tional conditions. The situation under discussion does not meet these requirements.

The judgment of the court below is affirmed at appellant's costs.