## Manheim et al. *v.* Board of County Commissioners of Venango County (et al., Appellants).

Argued March 30, 1938. Before Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Oliver K. Eaton,* with him *Raymond C. Brown* and *John C. Arnold,* for appellants.

*A. B. Jobson,* with him *Skelly & Mogilowitz* and *F. Harold Gates,* County Solicitor, for appellees.

OPINION BY MR. JUSTICE DREW, April 18, 1938:

This is a proceeding in equity by citizens and taxpayers of Venango County to restrain performance of and to invalidate a contract whereby the county commissioners had retained special counsel to prosecute the collection of personal property taxes owed by the Estate of George W. Crawford. The learned chancellor, Honorable HENRY C. NILES, President Judge of the Nineteenth Judicial District, specially presiding, found the contract, under the circumstances which were explored at length in an extended trial, entirely beyond the power of the commissioners, and declared it void. He likewise found the services performed in connection with the contract to have been of no value. This appeal followed the dismissal of exceptions and the entry of a final decree.

The findings of fact of the chancellor are based on substantial testimony, and have the effect of a verdict of a jury. They can not be reversed on appeal, in the absence of clear error: *Husted v. Parts Engineering Co. et al.,* 296 Pa. 376. The chancellor found:

(a) "That the institution and prosecution of the claim of Venango County against the Crawford estate was a statutory duty imposed upon County Solicitor Gates.

(b) "That the County Solicitor was competent, well qualified, willing and able to perform his duties, and was actually and in good faith engaged in the performance of them when through the action of Wilson and the County Commissioners he was excluded and prevented from the further performance of his duties.

(c) "That there were no conditions in connection with the reassessment for the deficiency personal property tax and the institution and prosecution of the claim of the County against the Crawford estate which were unusual or exceptional, nor were conditions such that there was a real requirement for additional professional skill and knowledge than that which the County Solicitor possessed." The making of a deficiency assessment was a routine matter in the office of the commissioners, it appearing from the record that more than 300 such assessments had been made up in that office "during the last four years" by the chief clerk of the county commissioners, with the assistance of the county solicitors, Parker and Gates.

Before the commissioners attempted to employ special counsel the county solicitor made extended investigation of the back taxes owed by the Crawford estate, interviewed the executors, presented the requisite demand for the taxes owing, and fully advised the commissioners of the procedure for making a deficiency assessment under the Act of May 13, 1927, P. L. 985. Thereafter not only did they take the matter completely from the hands of the solicitor, but stipulated in the contract here involved, that counsel specially retained would supersede the county solicitor, and that he should have no further connection with the case. This was beyond the power of the commissioners.

The duties of a county solicitor are clearly defined by the Act of May 2, 1929, P. L. 1278, as follows: "He

shall commence and prosecute all suits brought, or to be brought, by the county, wherein or whereby any rights, privileges, properties, claims or demands of the county are involved, as well as defend all actions or suits brought against the county, and shall perform all duties now enjoined by law upon county solicitors, and shall do all and every professional act incident to the office which may be required of him by the commissioners." It thus definitely appears that it was the legal duty of the county solicitor to commence and prosecute the claim of the county against the Crawford estate, and it follows that the action of the county commissioners in excluding and preventing him from performing his statutory duty was contrary to law. In *Com. ex rel. v. Jones,* 275 Pa. 298, Mr. Justice SCHAFFER, speaking for this court, quoted with approval the following language in the case of *Bechtel v. Fry,* 217 Pa. 591: "The commissioners cannot employ anyone else to take the place of the solicitor, nor to act as his assistant generally."

The employment of special counsel is permitted only to *assist* the county solicitor and even in that instance only "under conditions which are unusual and exceptional and where there is a real requirement for additional professional skill and knowledge": *Com. ex rel. v. Jones,* supra. In the present case the solicitor was fully competent to carry the matter he had originally undertaken for the commissioners to its conclusion. The situation was not unusual and required no special assistance; and, what is more fatal to the validity of the commissioners' action, it was entirely beyond their power to take the tax case from his hands entirely and bring in others to supersede him: *Light v. Lebanon County,* 292 Pa. 494, 497; *Bechtel v. Fry,* supra.

Nor have special counsel any claim based on *quantum meruit.* On ample evidence the chancellor found appellants' services to have been without value. The finding cannot be disturbed.

Decree affirmed at appellants' cost.