612 A.2d 595

Joseph DOUGHERTY

v.

BOROUGH OF MESHOPPEN,

Appeal of James SWEDREK and Gerald Brewer.

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided June 25, 1992.

George E. Clark, Jr., for appellants.

Brian J. Lenahan, for appellee, Borough of Meshoppen.

Before SMITH, and KELLEY, JJ., and LEDERER, Senior Judge.

SMITH, Judge.

Joseph Dougherty, James Swedrek and Gerald Brewer (collectively, Taxpayers) appeal from an order of the Court of

Common Pleas of Wyoming County dismissing their challenge to the 1989 annual audit report of the Borough of Meshoppen (Borough). The issue before this Court is whether the trial court erred by determining that a surcharge should not be imposed upon members of the Borough's council who voted to award back pay to the Borough's chief of police for the period of time he was suspended from his position because he was not certified to be a police officer as required by Section 9 of the Act of June 18, 1974, P.L. 359, commonly referred to as the Municipal Police Officers' Education and Training Act (Act 120), *as amended,* 53 P.S. § 748.

The Borough hired John Richardson as its police chief in December, 1984. Although he previously served as a Philadelphia police officer and attended the police academy twice, he was not certified as required by Section 9 of Act 120. By letter dated March 23, 1989, the Municipal Police Officers' Education and Training Commission (Commission) advised the Borough's mayor that until Richardson obtained the required certification, it was unlawful for him to carry a firearm or enforce the law. The Borough council unanimously approved taxpayer Joseph Dougherty's motion to suspend Richardson as of March 23, 1989. Thereafter, Richardson filed with the Commission an application for a waiver of the required training, and on June 8, 1989 the Commission waived the required instruction based on Richardson's "previous equivalent trainings" and issued certification. The Borough's council unanimously voted to reinstate Richardson and also passed a second motion, which council members George Gregory and James Swedrek opposed, to remove from its records any mention of the suspension and to provide Richardson with back pay of $3,840. Although Taxpayers questioned the appropriateness of the Borough council's grant of back pay in a letter to the Borough's auditors, they did not contest the expenditure or surcharge council members who voted to approve the back pay in the 1989 annual report.

On appeal of the audit report, the trial court determined that Richardson's suspension without pay was improper because, but for a technicality, he had the necessary qualifica-

tions for his position; and but for the suspension, he probably would have worked during the months he was suspended. The trial court concluded that the council members who voted to grant back pay to Richardson should not be surcharged because they acted reasonably and were not negligent in their duties or improper in their actions because they consulted with the Borough's solicitors.

On appeal to this Court, Taxpayers contend that surcharge is appropriate since the payment of back pay was statutorily prohibited and caused the Borough financial loss. The Borough argues that the payment was not a prohibited expenditure of funds and maintains that the suspension was improper because the certification requirement in Section 9 of Act 120 is merely a technicality and Richardson was otherwise qualified. The Borough further insists that surcharge is not appropriate since the Borough's council and its auditors acted in a reasonable and proper fashion and consulted with the Borough's solicitors.[1]

The duties of borough auditors are statutorily prescribed and are delineated in Section 1041 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46041. Section 1041(c) provides in pertinent part:

(c) The amount of any balance or shortage, or of any expenditure of a kind, or made in a manner, prohibited or not authorized by statute, which causes a financial loss to the borough, shall be a surcharge against any officer against whom such balance or shortage shall appear, or who by vote, act, or neglect, has permitted or approved such expenditure, but no elected or appointed official of a borough shall be surcharged for any act, error or omission in excess of the actual financial loss sustained by the borough, and any surcharge shall take into consideration as its basis the results of such act, error or omission and the results had the procedure been strictly according to law.

1. These questions are matters of law and subject to this Court's review. *Wecht Appeal,* 88 Pa.Commonwealth Ct. 128, 488 A.2d 671 (1985), *petition for allowance of appeal denied,* Nos. 196, 197 W.D. Allocatur Docket 1985, August 18, 1986, *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *see also* 2 Pa.C.S. § 754.

Section 1044 of the Code, 53 P.S. § 46044, provides that a taxpayer of a borough may appeal from an auditor's report to the county's court of common pleas.

Surcharges have been imposed upon public officials who have made illegal payments despite their reliance on the advice of legal counsel or good faith beliefs that they were acting properly. *Mascara Appeal*, 529 Pa. 81, 601 A.2d 1223 (1992); *Likovich Appeal*, 347 Pa. 40, 31 A.2d 543 (1943).[2] Therefore, this Court must determine whether the payment of back pay to Richardson was an expenditure which was prohibited or unauthorized by statute, and if it caused actual financial loss to the Borough. *See Laskey Appeal*, 82 Pa.Commonwealth Ct. 516, 475 A.2d 966 (1984).

The Commission was created and its powers and duties established pursuant to Sections 1–10 of Act 120, 53 P.S. §§ 740–749. Section 9 provides in pertinent part:

(a) All political subdivisions of the Commonwealth or groups of political subdivisions acting in concert shall be required to train all members of their police departments prior to actually enforcing criminal laws, enforcing moving traffic violations under 75 Pa.C.S. (relating to vehicles) or being authorized to carry a firearm after the effective date of this act, pursuant to the provisions of this act.

(b) Those municipal police officers employed on the effective date of this subsection shall be able to perform criminal or traffic duties and be authorized to carry a firearm until certified by the commission, but no longer than one year from their date of employment.

(c) Any person hired as a municipal police officer by any political subdivision or group thereof acting in concert shall be ineligible to receive any salary, compensation or other consideration or thing of value for the performance of his duties as a police officer unless he has met all of the requirements as established by the commission and has

---

**2.** In *Likovich Appeal*, the Pennsylvania Supreme Court noted that it is the court's duty to execute the legislature's mandatory and constitutional enactments regardless of the hardships of a particular case.

been duly certified as having met those requirements by the commission.

(d) Any official of any political subdivision who orders, authorizes or pays as salary to a person in violation of the provisions of this act shall on summary conviction thereof be sentenced to pay a fine of one hundred dollars ($100) or be imprisoned for a term not to exceed a period of thirty days.

Certification is defined in Section 3(7) of the Act, 53 P.S. § 741(7), as:

(7) "Certification" means the assignment of a certification number to a police officer after successful completion of a mandatory basic training course or receipt of a waiver of basic training from the commission and successful completion of mandatory in-service training.

Certainly, the certification requirement provided for in Act 120 is more than a mere technicality as it reflects the legislature's clear intention that in order for a police officer in this Commonwealth to be qualified for service, he or she must obtain certification from the Commission by either completing a basic training course or obtaining a waiver of basic training within one year of the date of employment. Hence, the Borough council properly suspended Richardson without pay on March 23, 1989 since he was hired in December, 1984 and failed to timely obtain certification from the Commission. Furthermore, since Section 9(d) of Act 120 expressly prohibits payment of salary or compensation to a police officer who is not certified, the Borough council's grant of back pay for the period of time that Richardson was not certified was an illegal expenditure.

Since Section 1041(c) of the Code only authorizes surcharge for prohibited or unauthorized expenditures which cause a financial loss and provides that "the surcharge shall take into consideration as its basis the results of such act, error or omission and the results had the procedure been strictly according to law," the only question remaining is whether the payment of back pay for the period of suspension caused actual financial loss to the Borough. In order to determine if there was financial loss, this Court must consider the result of

the prohibited act and the result had the Borough's council acted properly. *Laskey Appeal.*

Richardson was suspended for violating Act 120 from March 23 through June 19, 1989 and was certified by the Commission on June 8, 1989. Although Richardson provided no services to the Borough during the time he was suspended, the Borough compensated him $3,840. Had the Borough council followed proper procedure and acted in accordance with Section 9 of the Act, it would not have issued payment to Richardson for the period of his suspension.[3] Thus, payment of $3,840 constitutes a financial loss to the Borough and should be surcharged pursuant to Section 1041(c) against the Borough council members who voted to award the payment. Accordingly, the order of the trial court is reversed.

KELLEY, J., dissents.

## ORDER

AND NOW, this 25th day of June, 1992, the order of the Court of Common Pleas of Wyoming County is reversed.

---

**3.** Payment for the time period Richardson was certified but not reinstated was likewise improper since he did not provide services during that time to the Borough.