**Michael B. KESLOSKY, III, Appellant**

v.

**OLD FORGE CIVIL SERVICE COMMISSION and Old Forge Borough.**

Commonwealth Court of Pennsylvania.

Argued March 11, 2013.

Decided July 23, 2013.

Reargument Denied Sept. 13, 2013.

10. Because we remand on the threshold issue raised by Taxpayer, we need not address the other issues presented.

Scott E. Schermerhorn, Scranton, for appellant.

William J. Rinaldi, Scranton, for appellee Old Forge Borough.

BEFORE: LEADBETTER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Michael B. Keslosky, III, appeals an order of the Court of Common Pleas of Lackawanna County (trial court) upholding a decision of the Old Forge Civil Service Commission to suspend Keslosky from his position as a police officer and deny him back pay. The trial court held that this result was required because Keslosky had not complied with the police officer certification requirements of the Municipal Police Officers' Education and Training Law[1] (Officer Training Law). Keslosky contends that the trial court's factual finding that his certification required under the Officer Training Law had expired in 1999 was not supported by substantial evidence. Discerning no merit to this contention, we affirm.

The Officer Training Law created the Municipal Police Officers' Education and Training Commission (Police Commission) to administer police officer training. 53 Pa.C.S. § 2164. A municipal police officer must hold a certification issued by the Police Commission before he can be hired to enforce criminal laws, traffic laws or carry a firearm. 53 Pa.C.S. § 2167. A certification is valid for a period of two years. 53 Pa.C.S. § 2162. Thereafter, in order to retain certification, each police officer must complete yearly in-service training. 53 Pa.C.S. § 2164(6). However, a municipality may request the Police Commission to allow

additional time for the officer to comply with the in-service training requirements. Approval of this request shall be made by the commission on a case-by-case basis.

53 Pa.C.S. § 2164(6).

Keslosky's employer, Old Forge Borough, hired him as a police officer in 1979. Keslosky's employment was terminated in 1990. Keslosky filed a lawsuit that was settled, and Keslosky returned to work in September 1997.

Keslosky then left work in May 1998 for the stated reason that he had sustained a psychological injury caused by abnormal working conditions. He sought medical and disability benefits by filing a workers' compensation claim. He was denied workers' compensation for the reason that his ongoing mixed personality disorder was neither caused nor aggravated by his working conditions. Keslosky's workers' compensation claim was fully litigated and affirmed on appeal. *See Keslosky v. Workers' Compensation Appeal Board (Old Forge Borough),* (Pa.Cmwlth., No.1989 C.D.2003, filed February 25,

---

1. 53 Pa.C.S. §§ 2161–2171.

2004), *petition for allowance of appeal denied,* 581 Pa. 701, 864 A.2d 1206 (2004).

In June 2003, the Borough sent Keslosky a written "statement of charges" informing him that his employment was being terminated because he had not reported to work since May 10, 1998; had exhausted all approved leave time; and had not provided the Borough with a medical release establishing that he was able to return to his job. Reproduced Record at 141 (R.R. —). Keslosky answered the charges, and the Borough Council conducted two hearings at which Keslosky appeared and presented evidence, including, *inter alia,* a letter from his psychologist, Michael Church, Ph.D., stating that Keslosky was able to return to work as of April 2001.

On December 16, 2003, the Borough Council voted to reinstate Keslosky to employment. The next day, Keslosky's counsel sent a letter to Borough Council demanding back pay of $238,012.33, calculated as of March 2000 when Keslosky claims he tried to return to work. On December 18, 2003, the Borough issued a written decision reinstating Keslosky to his position; the decision made no mention of Keslosky's back pay demand. Keslosky appealed to the Civil Service Commission. He did not dispute the outcome but, rather, the wording of the findings of fact, which he feared would negatively impact his demand for back pay.

Keslosky did not return to work after his reinstatement because his National Guard unit had been called to active duty. By letter of August 1, 2004, Keslosky informed Borough Police Chief, Frank Avvisato, that he had been released from active duty and requested that he "immediately be scheduled for duty and placed on the active duty roster and be scheduled for any required municipal police updates and training." R.R. 15.

On August 10, 2004, Anthony Torquato, Borough Mayor, wrote to the Executive Director of the Police Commission, Major Richard C. Mooney, requesting guidance on whether Keslosky needed to undergo psychiatric and physical examinations before rejoining the police force after a six-year absence. Torquato's letter quoted from a report of Wolfram Rieger, M.D., which had been credited in the workers' compensation proceeding. In his August 2001 report, Dr. Rieger stated as follows:

> *When I examined Mr. Keslosky he was not disabled from a psychiatric point of view. However, he should not return to any type of police work because his underlying paranoid personality disorder makes him unsuitable for such work.*

R.R. 233 (emphasis in original).

The Police Commission responded on August 16, 2004. It advised the Borough that Keslosky's certification had expired on June 30, 1999, because he had not completed the annual mandatory in-service training. Accordingly, the Borough had to submit a new application for Keslosky's certification, and this application had to include reports of a physical examination and a psychological evaluation.

In accordance with this advice, the Borough informed Keslosky that his certification had expired on June 30, 1999, and that the Borough could not schedule him for work until he was re-certified by the Police Commission. The Borough informed Keslosky that it would pay for a physical examination and a psychological evaluation, both of which had already been scheduled. Keslosky refused, stating that this screening applied only to new hires, not to him. The Borough provided Keslosky with a copy of the Police Commission's August 2004 letter.

In February 2005, the Police Commission wrote to the new Borough Police Chief, Lawrence Semenza, reaffirming its earlier position regarding Keslosky's expired certification. Also in February 2005, the Borough sent Keslosky a written statement of charges seeking his removal from employment because he had not taken the steps necessary for re-certification. Keslosky denied the charges and asserted that the Borough had deliberately caused his certification to lapse by not scheduling him for updates and training.

On April 15, 2005, Keslosky's counsel wrote to the Police Commission expressing his view that Keslosky's certification had not expired on June 30, 1999, because Keslosky had completed Officer Training updates in 1998 and 1999. This made his certification current through June 30, 2001, and gave the Borough until June 30, 2003, to request the Police Commission to re-certify Keslosky.

On April 25, 2005, the Police Commission responded to Keslosky's counsel.[2] It explained that Keslosky lacked nine hours of in-service training for 1998 and lacked updated certification in first aid, CPR and duty weapon qualification. Based on these facts, the Police Commission refused to change the 1999 certification expiration it had on file for him.

On June 15, 2005, following a hearing, the Borough Council found that Keslosky had failed to maintain the mandatory current police officer certification and had refused to attend physical and psychological examinations that had been scheduled for him at Borough expense. The Borough Council suspended Keslosky without pay and benefits, effective immediately, until such time as Keslosky obtained a new certification.

Keslosky appealed to the Old Forge Borough Civil Service Commission, which upheld Keslosky's suspension. The Civil Service Commission found that the Police Commission has exclusive authority over certification, and it had determined that Kesloksy's certification lapsed on June 30, 1999. Because Keslosky refused to take steps to become re-certified, his suspension was necessary and proper. In a second hearing, the Civil Service Commission dismissed Keslosky's appeal of the Borough Council's December 16, 2003, reinstatement decision. It concluded that the issue of back pay had been waived because it was not raised to the Borough Council.

Keslosky appealed both decisions of the Civil Service Commission, and the Borough intervened. The trial court heard additional evidence.

Keslosky presented testimony from Beverly Young, the Police Commission's administrative officer, to testify about police officer certification. Certification renewal, which occurs every two years, requires 12 hours of classroom training each year; an annual firearm qualification; and first aid and CPR update training. Officers cannot schedule their own updates and training; the employing police department must do it. Young explained that if an officer's certification lapses, the police department has two years to request a renewal certification, which relieves the officer of having to undergo a complete re-certification.

Young testified about a July 19, 2001, letter from the Police Commission to Police Chief Avvisato, stating that Keslosky had not completed the requisite in-service training by June 30, 2001, and thus, his certification was not renewed in 2001.[3]

2. The letter was written by Major Mooney's replacement, Major John M. Gallaher, the new Executive Director.

3. The letter states, in relevant part, as follows:

The letter advised that "[s]hould you desire to obtain certification for an officer with an expired certification, submit the enclosed Form SP8–502...." R.R. 246. Young testified that the Police Commission did not receive a Form SP8–502.

Young also testified that the above-referenced letter erred by stating that Keslosky's certification expired in 2001. The Police Commission determined that his certification expired on June 30, 1999, and this was correct. Young further testified that the Police Commission, not the Borough, decided that Keslosky was required to go through re-certification including a psychological examination, and the Police Commission would not re-certify Keslosky unless he does so.

Young was questioned about a May 22, 2003, letter from Keslosky's counsel to the Borough asking that it schedule Keslosky for his training and updates. Young testi-

fied that because Keslosky's certification expired in June 1999, the Borough was not able to schedule this training in May 2003 or to submit Form SP8–502. Young acknowledged that if the certification expiration date was actually June 30, 2001, it was not too late.

The trial court denied Keslosky's appeal.[4] The trial court concluded that Keslosky's suspension was proper because he lacked a valid police officer certification. The trial court found that, as a matter of fact, Keslosky's certification expired on June 30, 1999, making the deadline for the Borough's submission of the Form SP8–502 June 30, 2001. However, Keslosky's first request to the Borough for certification was in a May 22, 2003, letter, well beyond that deadline. With respect to Keslosky's claim for back pay, the trial court held that he was ineligible to receive compensation after his certification expired on June 30, 1999. Keslosky appealed, and

The Municipal Police Officers' Education and Training Commission notified you on January 30, 2001 that Commission records indicated certain officers in your department did not complete the classroom portion of the mandatory in-service training requirements. This information coupled with the data supplied to the Commission on the computer printouts indicated the officers that have not maintained certification in first aid and/or CPR or have not qualified with a firearm constitutes the basis to determine which officers will not have certification renewed.

Every effort has been made by the Commission to solicit all records from certified police academies that conducted mandatory in-service training and gather the first aid, CPR, and firearms qualification information. The officers listed below did not have certification renewed for failure to satisfy recertification requirements. Each officer is listed with social security number and the reason(s) preventing renewal.

| Officer's Name | In–Service Training | First Aid | CPR | Firearms |
| --- | --- | --- | --- | --- |
| Keslosky, III, Michael B. | x | x | x | x |

Should any officer listed above satisfy the requirement(s) which prevented recertification on July 1, 2001, documentation verifying the training which was completed should be forwarded to the Commission immediately.

Certifications expired for those officers who did not satisfy the re-certification requirements by June 30, 2001. This means the officer can no longer enforce the Pennsylvania Crimes Code, moving violations of the Pennsylvania Vehicle Code and cannot carry a firearm.

Should you desire to obtain certification for an officer with an expired certification, submit the enclosed Form SP8–502—Change of Status.

R.R. 245–46.

4. The trial court refused to admit into evidence the deposition of Major Mooney, former Police Commission Executive Director, taken in a civil rights case Keslosky filed against the Borough in federal court.

the matter is now before this Court.[5]

On appeal, Keslosky raises two issues for our consideration. First, Keslosky argues that the trial court erred in upholding his suspension. Second, Keslosky argues that the trial court erred by denying his request for back pay.

Section 2167 of the Officer Training Law mandates that all police officers be certified "prior to their enforcing criminal laws, enforcing moving traffic violations under Title 75 (relating to vehicles) or being authorized to carry a firearm." 53 Pa.C.S. § 2167(a). A municipality is prohibited from paying compensation to anyone without the requisite police officer certification. Section 2167 of the Officer Training Law states, in relevant part, as follows:

> (b) Ineligibility for compensation.—Any person hired as a police officer shall be ineligible to receive any salary, compensation or other consideration for the performance of duties as a police officer unless the person has met all of the requirements as established by the commission and has been duly certified as having met those requirements by the commission.
>
> (c) Penalty.—Any person who orders, authorizes or pays as salary to a person in violation of the provisions of this subchapter commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $100 or be imprisoned for a term not to exceed a period of 30 days. 53 Pa.C.S. § 2167(b),(c). Where a police officer lacks certification, he must be suspended without pay. *Dougherty v. Borough of Meshoppen*, 149 Pa.Cmwlth. 89, 612 A.2d 595, 597 (1992).

Keslosky's appellate argument rests upon the date of his certification expiration. He maintains that the trial court's finding that his certification expired on June 30, 1999, is not supported by substantial evidence. Keslosky argues that the Police Commission's letters of 2004 and 2005 proved nothing because they were wrong. Keslosky argues that Beverly Young's testimony and Major Mooney's deposition in the federal litigation, which the trial court refused to admit into evidence, support a finding that Keslosky's certification expired on June 30, 2001. This means that Keslosky had until June 30, 2003, to do the requisite updates and training. Keslosky asked the Borough to schedule him for updates and training during the grace period but "was 'stonewalled' or blocked by the Borough to intentionally cause a lapse in certification." Appellant's Brief at 7.

The Civil Service Commission and the Borough rejoin that the record contains substantial evidence to support the finding that Keslosky's certification expired on June 30, 1999. Keslosky is merely rearguing the evidence and asking this Court to

---

5. This Court's review of the actions of a municipal civil service commission is limited. Where a full and complete record is made of the proceedings before a municipal civil service commission, a reviewing court must affirm the adjudication unless it violates constitutional rights, is not in accordance with the law, or the findings of fact are not supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b); *McAndrew v. Municipal Civil Service Commission of Scranton*, 952 A.2d 1219, 1222 n. 7 (Pa. Cmwlth.2008). When a lower court admits additional testimony in an appeal from a civil service commission adjudication, our review is to determine whether the trial court abused its discretion or committed an error of law. *Gresock v. City of Pittsburgh Civil Service Commission*, 698 A.2d 163, 165 n. 1 (Pa. Cmwlth.1997). An abuse of discretion occurs when findings are not supported by substantial evidence in the record. *Coal Gas Recovery, L.P. v. Franklin Township Zoning Hearing Board*, 944 A.2d 832, 838 n. 9 (Pa.Cmwlth. 2008).

substitute our judgment for that of the fact finder, which is impermissible. We agree.

■■■ Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Agostino v. Township of Collier*, 968 A.2d 258, 269 (Pa.Cmwlth.2009). When doing a substantial evidence analysis, courts must view the evidence in the light most favorable to the party who prevailed before the fact finder. *Id.* It is irrelevant whether the record contains evidence to support findings other than those made by the fact finder; the critical inquiry is whether there is evidence to support the findings actually made. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa.Cmwlth.1998). If there is, an appellate court may not disturb the findings. *General Electric Company v. Workers' Compensation Appeal Board (Myers)*, 578 Pa. 94, 103, 849 A.2d 1166, 1171 (2004).

Here, substantial evidence supports the finding that Keslosky's police officer certification expired in 1999. The 2004 and 2005 letters from the Police Commission state, unequivocally, that Keslosky's certification expired on June 30, 1999, and that he now must take steps to become re-certified, including a psychological evaluation. In addition, the 2005 letter from the Police Commission to Keslosky's counsel reiterated that Keslosky never completed the requisite training in 1998 and, thus, the Police Commission would not change the 1999 certification expiration date.

Contrary to Keslosky's contention, Young's testimony does not support another expiration date. She testified, clearly, that Keslosky's certification expired in 1999. Young acknowledged that the Police Commission's 2001 letter to the Borough stated that Keslosky would not be re-certified in 2001. The letter, which was generated automatically by the Police Commission computer, was simply an incorrect recital of the Police Commission's files that recorded a certification expiration date of June 30, 1999.

Mooney's federal court deposition, discussed at length in Keslosky's brief, is likewise not helpful to Keslosky. Mooney testified that his 2001 letter to Chief Avvisato was computer-generated and that he would have to examine the complete Police Commission file to determine the correct date of his certification lapse. Appellant's Brief at 18, 19. This deposition statement does not support any expiration date and, in any case, the deposition is not in evidence. At best, the 2001 letter presents a conflict in the evidence, and the conflict was resolved in favor of the Borough. This Court cannot disturb the factual finding that Keslosky's certification expired on June 30, 1999.

When Keslosky's certification expired on June 30, 1999, he had a two-year grace period for getting re-certified. During this period, Keslosky had left work and the parties were in litigation over Keslosky's psychological injury claim. Keslosky's requests to have the Borough schedule him for training were made after June 30, 2001, and are irrelevant. The Borough could not have granted the request.[6] Keslosky's claim that the Borough caused his certification to lapse lacks merit.

The Police Commission is the agency in charge of police officer certification matters in Pennsylvania. It was the Police

---

**6.** Keslosky argues that the trial court erred in finding that May 2003 was the first time Keslosky asked the Borough to schedule him for training. Keslosky contends that he asked many times before that, at least going back to December 2002. However, May 2003 is the date Keslosky focused on at the hearing before the trial court. At any rate, the date is not relevant in light of the certification expiration in 1999.

Commission, not the Borough, that determined that Keslosky's certification had expired in 1999 and that he had to undergo the re-certification process. Keslosky can fix this problem.[7] He can seek re-certification. He also could have challenged the Police Commission's determination that he needed re-certification, but he did not.

■ Keslosky next argues that the trial court erred by denying his request for back pay. Back pay cannot be ordered for any period of time that an officer is not certified because the Officer Training Law "expressly prohibits payment of salary or compensation to a police officer who is not certified." *Dougherty*, 612 A.2d at 597–98. Keslosky argues that *Dougherty* is distinguishable. There, the officer was responsible for his certification lapse. By contrast, Keslosky believes the Borough intentionally caused his certification to expire. Keslosky further argues that the Borough is estopped from arguing that it cannot pay Keslosky when it paid him health benefits up until his suspension in 2005 and paid him a bonus check in December 2003 after reinstating him to employment.

Keslosky's arguments regarding back pay must fail. First, Keslosky did not raise the issue of back pay in the Borough hearing. He did not request back pay until after the Borough Council voted to reinstate him; accordingly, its written decision is silent on the issue of back pay. Second, the Officer Training Law prohibits a municipality from paying a salary to a police officer unless the officer is "duly certified." 53 Pa.C.S. § 2167(b). Keslosky has not been certified since June 1999. The fact that Keslosky may have received health benefits and a bonus check does not entitle him to compensation the Borough is prohibited from paying. 53 Pa.C.S. § 2167(c). The denial of back pay was proper.

For these reasons, the order of the trial court is affirmed.

Judge McCULLOUGH did not participate in the decision in this case.

### ORDER

AND NOW, this 23rd day of July 2013, the order of the Court of Common Pleas of Lackawanna County dated July 11, 2012, in the above captioned matter is hereby AFFIRMED.

---

**7.** Keslosky argues that under the Borough's civil service rules, a suspension cannot last for more than one year. This argument is not well-developed and Keslosky does not cite to any particular rule. Keslosky cannot serve as a police officer until he becomes re-certified by the Police Commission. Keslosky, not the Borough, decides how long his suspension will last.